MERCHANTS' MUTUAL INSURANCE COMPANY v. N. V. LACROIX.

1. CONDITION IN POLICY OF INSURANCE.—A condition in a policy of insurance, to the effect that all claims under the policy shall be barred, unless prosecuted within one year from the date of loss, and that no claim shall bear interest before judicial demand, is legal and valid as a part of the contract of insurance.

2. WAIVER—ESTOPPEL.—A waiver of one's rights under a contract, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on a performance of the contract.

3. PLEADING—CONSIDERATION.—When a policy of insurance stipulates that all claims for loss shall be barred unless prosecuted within one year from the date of the loss, an allegation in the petition in a suit by the insured, which in effect declares that the company agreed not to take advantage of the delay in suing on the claim for the loss until the company had completed the investigation touching the circumstances attending the loss, would, if coupled with an averment that such agreement was made before the expiration of twelve months, state a sufficient excuse for not filing the suit within the year. It would be otherwise when the agreement was made after the expiration of the year.

4. CONTRACT—AGREEMENT.—To authorize a written agreement to be set aside and superseded upon the ground that an additional agreement has been made, verbally, in reference to the same matter, the allegations setting up such agreement should, with reasonable certainty, set out the terms of, and parties to, the new contract.

APPEAL from Galveston. Tried below before the Hon. A. P. McCormick.

This suit was brought on a policy of insurance issued by appellant to Lacroix. The loss occurred August 11, 1867, and suit was brought November 30, 1868. The 17th condition of the policy provided: "All claims under this policy are barred unless prosecuted within one year from date of loss." The case was submitted to the court, and judgment was rendered for Lacroix, overruling the plea of limitation under the above clause, and holding that by prosecution of the claim was meant its presentation to the company. The Supreme Court reversed the judgment, deciding that the condition was a valid limitation to the institution of suit. (35 Tex., 249.) Other grounds of appeal were not discussed by the court.

The case was again tried before a jury, resulting in verdict and judgment for Lacroix.

On the return of the case to the court below, the plaintiff amended, alleging, in general terms, a waiver by the company of the 17th condition of the policy. The defendant's demurrer was sustained to this amendment for its vague and indefinite character. Plaintiff then filed an amendment, alleging "that at various times within the twelve months succeeding the said loss by fire, and frequently after the expiration of that period, defendant, through its president and secretary and other duly-authorized officers and agents, assured plaintiff and also his attorneys, G. H. Sherwood and M. C. McLemore, that his said loss should be paid so soon as the facts respecting said fire could be investigated, etc.; but nothing more definite, particular, or certain, as to time, place, person, or circumstances than the foregoing.

To this amendment defendant demurred, alleging that the same was general, indefinite, and uncertain—without time, or place, or person—and did not apprise defendant of any particular act on the part of defendant, or any of its officers, with plaintiff or any other person, and the defendant was not put upon reasonable or proper notice of the fact of waiver to be relied on. Also, because all said allegations of waiver were insufficient in law, uncertain as to facts, legal conclusions, and without time, place, person, or facts to give the defendant any sufficient or reasonable cognizance thereof.

The court overruled this demurrer, and this was assigned for error.

Appellant having by its amended answer plead in bar of plaintiff's action as follows, substantially, to wit: "That the said plaintiff his action aforesaid against this defendant ought not to have and maintain, because it says that in and by the condition (No. XVII) annexed to said policy of insurance in said petition mentioned, and referred to in said policy and made a part thereof, it was and is provided that all claims under the said policy should be barred unless prosecuted within one year from the date of loss; and this defendant in fact says, that if any such loss as in the said petition is alleged actually did occur and happen, the same occurred and happened more than one year before the institution of said plaintiff's suit against this defendant therefor; and this the defendant is ready to verify; wherefore it prays judgment," etc., which said plea was by the court overruled. Appellant assigned as error the judgment of the court in overruling this plea.

A jury having been waived by both parties, and the cause submitted to the court, it was assigned as error that the court erred in rendering judgment for the plaintiff when, according to the law and the facts, judgment should have been rendered in favor of the defendant.

*Ballinger, Jack & Mott,* for appellant. ·

It is obvious that the amended petition of appellee could not have been more purposely or artfully framed to permit the plaintiff to prove any fact in any degree tending toward a waiver, but to give the defendant the least possible information of what it had to meet. If the secretary of the company made the waiver to Lacroix, there should have been a fair and reasonable allegation of the general facts, so as to give notice to the defendant, without confusing it inseparably with what the secretary had told his attorneys, or one of them, and with what one of the presidents or other duly-authorized officers and agents of the company had told Lacroix.

The requisite certainty depends upon the subject-matter to be stated in each particular case. Where a corporation is sued which has various officers changing from time to time, some, it may be, deceased or absent, and the issue is the waiver of the legal rights of the corporation by acts *in pais* of its past officials, plain good sense and common justice require that the allegations should be such as fairly and reasonably to put the corporation on notice of the officer who made the waiver, and to whom made, and the general circumstances, and not conceal and confuse them under a general mass of allegations pointing to nothing.

They cited 25 Ill., 475; 20 N. H., 76; 30 N. Y., 136, over-ruling 29 Barbour, 557; and discussed at length the evidence to show that upon the facts a new trial should have been granted.

On the proposition that the plea of limitation should have been sustained and the cause dismissed, counsel cited Northwestern Insurance Company *v.* Phœnix Oil and Candle Factory, 31 Penn. St., 448; Dutton *v.* Vermont Fire Insurance Company, 17 Vt., 369; Fullam *v.* New York Insurance Company, 7 Gray, (Mass.,) 61; Brown *v.* Roger Williams Insurance Company, 5 R. I., 394; Brown *v.* Savannah Mutual Insurance Company, 24 Georgia, 97; Peoria Marine and Fire

11

Insurance Company v. Whitehill, 25 Ill., 466; and the courts of this country generally, with the exception of Indiana.

McLemore & Hume, for appellee.

Our view of the case relieves us of the task of discussing the proposition that limitation clauses, such as the one under consideration is assumed to be, are valid and binding between the parties to a contract of insurance. It will be observed, however, that in marshaling their array of authorities in support of the affirmative side of this question, counsel have not been able to present an unbroken line of adjudications; on the contrary, more courts than one, and they, too, of the highest account and respectability, (Eagle Insurance Company v. Lafayette Insurance Company, 9 Ind., 443; French v. Lafayette Insurance Company, 5 McLean, C. C. U. S., 461; 4 Ind., 239; 5 Ind., 23; 2 Ind., 102,) have held the converse of the rule here insisted on. Whatever the true principle may be, it will, we suppose, be conceded that if the doctrine urged by counsel embraces it, that doctrine must be qualified by the important consideration that it is not a limitation by statute, but by contract, and is therefore "more flexible in its nature" and liable to be defeated by any act of the insurer by which the assured may have been induced to delay the assertion of his rights in court. (Peoria Marine and Fire Insurance Company v. Hall, 12 Mich., 211.)

For the purposes of this discussion we will, however, assume with appellant that the seventeenth clause in its terms is a proper limitation clause; that it was correctly and appositely pleaded in this action, and that such conditions in contracts or insurance are valid and binding between the parties contracting. But we say the facts of the case show unmistakably that the appellant has waived any rights that might, under other circumstances, have accrued to it by reason of that clause, and is forever estopped by its own acts from insisting upon it here or elsewhere as a defense to appellee's action.

The secretary and agent of the company, Charles DeBlanc,

testified on the trial that the proofs of loss were regularly presented in due time by appellee, and no objection made to their form; that the claim was not paid, because the company desired to investigate the origin of the fire; and that payment was for the first time refused after appellee had been tried upon an indictment for arson (of the premises insured) and acquitted.

In the case of Peoria Marine and Fire Ins. Co. v. Hall, 12 Mich. 211, the court say: "If valid at all, it (the limitation clause) was valid as a contract and not as a statute. A limitation fixed by statute is arbitrary and peremptory, admitting of no excuse for delay beyond the period fixed, unless such excuse be recognized by the statute itself. But a limitation by contract (if valid) must, upon the principles governing contracts, be more flexible in its nature, and liable to be defeated or extended by any act of the defendant which has prevented the plaintiff from bringing his action within the prescribed period."

In Grant et al. v. The Lexington Life, Fire, and Marine Ins. Co., 5 Ind., 26, the court, in passing upon a plea of limitation, made by the company, say: "But the record clearly shows that the delay is a result to which the insurance company mainly contributed by holding out hopes of an amicable adjustment. She should not therefore be permitted to take advantage of her own wrong. * * Insurance policies are to be liberally construed in favor of the assured; and an exception is to be strictly construed against the underwriters." (Van Bovies et al., v. United States Fire and Marine Insurance Co., 8 Bush., (Ky.,) 133.)

In Ripley v. The Ætna Ins. Co., 29 Barbour. S. C. Rep., 557, the court say: "This court, at general term, has decided that a stipulation requiring the insured to sue, if at all, in twelve months, although binding originally, may be waived by the language or conduct of the parties; and the jury, on the second trial, having found that in the present instance there was such a waiver, we are now to inquire whether that

finding and the rulings which led to it were warranted by the law and the testimony. A twelve months' statute of limitations, although assented to by the parties, operates as a forfeiture. It is therefore to be construed strictly. Slight evidence of a waiver, as in other cases of forfeiture, will be sufficient to defeat its application. 'A positive act of defendants, intended to induce postponement,' is not necessary. Silence on the subject, in the midst of negotiations for settlement, during the year, however intended, was held by the general term to be competent evidence to go to the jury, and, if competent, its weight was to be determined by them. The court, especially to aid a forfeiture, and a very harsh one too, will not scrutinize their verdict very closely on such a point; nor, I may add, the rulings at the judge of the trial, unless very clearly erroneous. Equity will not lend its aid to enforce a forfeiture. (Story's Eq., § 1319; 31 Conn., 473.) Dismissing, then, the question of the twelve months' limitation," etc. In short, the principle is clear that a waiver is proved by the slightest evidence; and of that evidence and its weight the jury alone (in this case the court) is the judge. The waiver being once established, becomes absolute; the contract is abandoned, and the only limitation that can be pleaded is that of the statute. This principle is also sustained by the well-considered case of Ames *v.* New York Union Ins. Co., reported in 14 N. Y., 253; 32 N. H., 301.

It is difficult to perceive by what terms a more specific presentation of the facts could be made than was made by appellee, unless indeed the pleader be required to aver the very language of his evidence, and fix the very date of each particular occurrence embraced therein. An omission to name the persons who were during the period adverted to president or secretary of the defendant seems scarcely to merit criticism, since the only object of such allegation would be the information of the defendant, and it would appear to be beyond any reasonable requirement in pleading that it

should be told the names of its own principal officers—that being matter of fact especially within its knowledge. There can be no requirement upon the plaintiff to keep up with the official successions and changes of the company. The liability to him grows out of the circumstances that officers of the company, during the year following the loss, have so acted as its representatives as to estop it from urging limitation against his right to sue on the policy made by it; and it is wholly immaterial to him whether the persons who were such officers so acting have one name or another.

Does not the amendment, then, embrace a plain statement of the plaintiff's cause of action in that regard? Will it be said that he must allege the day and month of conversations or agreements had during the year, their exact terms, the particular localities where they transpired, and the very president and secretary of defendant who were parties thereto? So far from observing so strict a rule, other courts have held it unnecessary for the pleader to aver waiver at all, and that proof of waiver may be adduced under the general allegation of performance. (St. Louis Ins. Co. v. Kyle, 11 Mo., 291–293; Bonton v. Am. Mut. L. Ins. Co., 25 Conn., 544; Davis v. N. H. Ins. Co., 7 Cowen, 462; Martin v. Fishing Ins. Co., 20 Pick., 389; Lycoming Co. Mut. Ins. Co. v. Schallenberger, 44 Penn. Stat., 260.) It would seem that in one of the cases referred to in the opinion, (Peoria M. & F. Ins. Co. v. Whitehall, 25 Ill., 474,) the issue of waiver was submitted to the jury on the court's charge, although it does not appear to have been averred in the pleadings. In another, (Amesburg v. Bowditch M. F. Ins. Co., 6 Gray, 608,) the question really did not arise, nor does the report of the third case adverted to in the opinion, (Ripley v. Ætna Ins. Co., 30 N. Y., 164,) disclose the terms in which the waiver was pleaded. Indeed, we have found no case presenting the question of waiver as matter of pleading; there may be many, however, which have escaped our search.

*Ballinger, Jack & Mott,* in reply:

If there were to be any claim that the condition had been waived, the waiver must have been alleged, when waived, by whom waived, how waived, the facts sufficiently stated to lay the foundation for proof, and to apprise the opposite party, and enable it to be prepared with proof on the issue. Any matter of fact outside of the truth of the plea, to avoid its effect, must have been alleged by plaintiff to enable him to prove it, and to notify defendant of the issue thus presented. No allegation of waiver, nor anything which can be claimed as giving the remotest notice of such allegation, was made. The cause was submitted to the judge below on this state of pleadings. There was then no issue as to the waiver of the condition of suit in the pleadings or before the court. No evidence could have been admitted or considered with reference to any such issue; and if considered, and made the basis of judgment, it would be disregarded by this court. Certainly these are among the very first elements of legal proceedings. There is scarcely one of the reports in which they have not been affirmed or applied by this court. The following are among the cases: Mims *v.* Mitchell, 1 Tex., 443; Carter *v.* Wallace, 2 Tex., 206; Coles *v.* Kelsey, 2 Tex., 541; Wright *v.* Wright, 3 Tex., 168; Hall *v.* Jackson, 3 Tex., 309; Caldwell *v.* Haley, 3 Tex., 317; State *v.* Thorne, 3 Tex., 499; Towner *v.* Sayre, 4 Tex., 30; Keeble *v.* Black, 4 Tex., 71; Roseborough *v.* Gorman, 6 Tex., 314; Paul *v.* Perez, 7 Tex., 345; Young *v.* Lewis, 9 Tex., 77; Robinson *v.* Martel, 11 Tex., 154; Thompson *v.* Thompson, 12 Tex., 330; Cuney *v.* Dupree, 21 Tex., 218; Guffey *v.* Moseley, 21 Tex., 409; Burnett *v.* Henderson, 21 Tex., 590; Yancey *v.* Norris, 27 Tex., 49.

In Coles *v.* Kelsey, 2 Tex., 541, the court say, under our system a subsequent promise could not be given in evidence unless averred in the petition, replication, or amendment.

This is the invariable rule of pleading. Wherever limitation is pleaded, and any fact is relied upon by plaintiff to

avoid the limitation, such fact must be pleaded: as a new promise, acknowledgment of the debt, or any exception to the statute, or other answer to the plea, as fraud, that the account sued on was between merchant and merchant, imprisonment, infancy, coverture, &c. (Ang. on Lim., secs. 288, 289, 292, and references.)

We wish to complete the citation of Peoria Ins. Co. *v.* Hall, 12 Mich., 202, referred to in appellee's brief:

"Held, that if such condition was valid at all, it was valid as a contract merely, and that the limitation of time might be defeated by any act of the insurer which would prevent the bringing of the action within the prescribed time.

"Where a summons was issued before the expiration of the time limited, returnable two days after it expired, and no agent of the defendant foreign corporation was found in the country on whom to make service, and a second summons was issued on the return of the first, held, that the delay beyond the time limited was sufficiently excused, and the second suit brought in season." (See 24 U. S. Dig., title INSURANCE, paragraphs 135, 136.)

ROBERTS, CHIEF JUSTICE.—The exceptions to the evidence offered by appellee, because it contradicted that offered by appellant on the subject of waiver, was not well taken. It was not an attempt to impeach the witness of appellant, by showing, for that purpose, that he had made different statements at another time than those contained in his testimony in the case.

The real question in the case relates to the provision in the policy of insurance, which reads as follows, to wit: "All claims under this policy are barred, unless prosecuted within one year from date of loss. No claim for loss to bear interest before judicial demand."

The loss is alleged to have occurred on the 11th day of August, 1867, and the suit was brought on the 30th day of November, 1868, being more than twelve months. This fact

being set up in bar of the action, it was sought to be avoided by setting up a waiver of this provision.

Such a provision has repeatedly been held to be legal and valid, as part of the contract of insurance. (Peoria M. & F. Insurance Co. *v.* Whitehall, 25 Ill., 473–4; Amesbury *et al. v.* Bowditch M. F. Insurance Co., 6 Gray, 606; Ripley *v.* Ætna Insurance Co., 30 New York R., 163, 164.) The judge, in delivering the opinion in the last-cited case, says: "It seems to me that a waiver, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied on as a waiver must be such as to estop a party from insisting on a performance of the contract or forfeiture of the condition." (Ib., 164.)

This is believed to be a clear statement of the rule of law upon the subject.

The appellee, in his last amended petition, which was in the nature of a replication to appellants' plea in bar, stated in substance "that at various times within the twelve months next succeeding the said loss by fire, and frequently after the expiration of that period, defendant, through its president and secretary, and other duly authorized officers and agents, assured plaintiff, and also his attorneys, G. H. Sherwood, and M. C. McLemore, that his said loss would be paid so soon as the facts respecting said fire could be investigated and the amount of said loss inquired into, in pursuance to the usage and practice of defendant; and that no objection would be interposed to the payment of said loss unless it was shown by said investigation that the amount thereof was fraudulently overestimated, or that plaintiff had had a criminal agency in causing said fire; and plaintiff and his attorneys were frequently dissuaded by defendant from bringing said suit, and advised that it was useless and unnecessary so to do, until said inquiries should be perfected." * * * "That defendant never at any time refused to pay said loss, until more than the expiration of twelve months next succeeding the accrual of plaintiff's right to sue under the terms of said

policy, but repeatedly declared its intention to pay it, in case its investigation of the circumstances of the said fire should fail to involve plaintiff in misconduct or fraud. That said investigation did not involve plaintiff in any wrongdoing; and when it was concluded, demand was again made on defendant for payment, and for the first time refused. Whereupon plaintiff filed this suit."

This was in effect the allegation of an agreement on the part of defendant not to take advantage of the delay in suing on the claim for the loss, until the defendant had completed the investigation of the circumstances of the fire. The advantage in the delay of the time given to investigate before the suit should be brought against defendant, was the consideration for the agreement not take advantage of the delay in bringing it until the investigation could be completed. That would have been a valuable consideration for an agreement entered into at any time before the expiration of twelve months from the loss by fire, but it is not perceived how it could be so afterwards; that is, for an agreement made after the end of the said twelve months. Or, if these allegations may be regarded in the light of an estoppel, they are in effect, that defendant, through its authorized officers and agents, gave assurances, or made representations of a fact that they were investigating the circumstances of the fire, and desired and requested that no suit should be brought until they could complete the investigation, upon which plaintiff relied and acted, until after the expiration of twelve months from the time of the loss.

The company filed special exceptions to the amended petition, "because all said allegations of waiver are insufficient in law, uncertain as to facts, mere legal conclusions, and without time, place, person, or facts to give the defendant any sufficient cognizance thereof."

It will hardly be contended that the plaintiff, under these allegations, would be required to prove that the agreement was made with, or representations were made by, all of the

officers designated as the president, secretary, and duly-authorized officers and agents. It would be sufficient to have proved it to have been made with or by any one of them. The literal import of the allegation might be construed to refer to the president and secretary, when the agreement was made, if it were made with either of them. It might be asked, which president or which secretary, if there were more than one, during the said year after the fire, and who besides them, during that time, were the officers and agents of the company authorized to make such an agreement or such representations, and how were they authorized, if merely agents, and what office did they hold in the company that conferred such authority upon them, and what time, place, transaction, or circumstance was connected with the making of such agreement or representations? Thus, by this question, it is shown, the allegations are just tantamount to a declaration, that the company, by some person duly authorized, made such representations or agreement, with either the plaintiff or some one of his attorneys, (naming them,) at some time and at some place during some time of the year after the fire occurred, which would hardly be held sufficient upon special exceptions. There was an uncertainty also as to the matter to be investigated: whether it was by a criminal prosecution, or by searching for evidence to prove the claim of loss to be excessive or fraudulent, civilly or by both, and in what way and when did the investigation end, which, under the alleged agreement or representations, was to terminate the delay sought for by defendant.

To authorize a written agreement to be set aside and superseded upon the ground that an additional agreement has been made verbally in reference to the same matter, the allegations setting up such agreement should with reasonable certainty set out the terms of and parties to the contract. And the same rule would apply with equal force to the acts or representations of a party that have been relied and acted on by the other party, so as to amount to an estoppel. The

amended petition excepted to, consists of a string of allega-
tions, which may be collated and construed into two imperfectly
stated grounds of waiver—one by agreement and one by
estoppel. It was intended, doubtless, to adapt the pleading
to the evidence expected to be offered in support of it. It
will be found, however, under our system as well as under
any other, to be much better and safer pleading, to present
distinctively each defense or cause of action, by connected
averments of the necessary facts in reference to the requisites
of the law relating to such defense or cause of action, and let
the evidence, however general or circumstantial, be applied,
as well as it may be, to sustain such specific defense or cause
of action that has been definitely stated.

Whether the allegations of the amended petition be re-
garded as setting up an agreement or an estoppel, they are
too indefinite and uncertain to be sustained, when specially
excepted to, as was done in this case; and therefore we are
of opinion that the court below erred in not sustaining the
special exceptions to the amended petition.

REVERSED AND REMANDED.