### ST. PAUL FIRE AND MARINE INSURANCE COMPANY V. HODGE.

#### Decided October 29, 1902.

**1.—Insurance—Proof of Loss.**

A fire insurance policy on a stock of goods, which required proofs of loss to be submitted containing a sworn inventory stating the quantity and cost of each article, etc., is not complied with by furnishing insurer an unsworn statement showing the amount of plaintiff's inventory of stock six months before the fire and the amount of his purchases and sales since.

**2.—Same—Waiver—Pleading.**

Proof of waiver of requirement to furnish the required proofs of loss by receiving those furnished without objection, is not admissible under pleadings which only allege compliance by plaintiff with the requirement to furnish the proofs.

Appeal from the County Court of Lee County. Tried below before Hon. I. H. Bowers.

*Morrison & Wallace,* for appellant.

*Bowers & Schulz,* for appellee.

STREETMAN, ASSOCIATE JUSTICE.—Appellant issued an insurance policy on a storehouse, stock of goods and fixtures belonging to appellee. The policy, which is made a part of appellee's pleading, contains the following provision: "If fire occur, the insured shall give immediate notice of any loss thereby, in writing, to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon, and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the said insured as to the time and origin of the fire, the interest of the insured and all others in the property, the cash value of each item thereof and the amount of loss thereon, all incumbrances thereon, all other insurance, whether valid or not, covering any of said property, and a copy of all the descriptions and schedules in all policies

and changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of the fire, and shall furnish, if required, verified plans and specifications of any building, fixtures destroyed or damaged," etc.

"The loss shall not become payable until sixty days after the notice, ascertainment, estimate, and satisfactory proof of loss herein required have been received by this company."

The property was destroyed by fire, and appellee brought this suit to recover on the policy. The only allegation concerning proof of loss is that appellant was "duly notified in writing of the destruction of said property, as aforesaid, and duly furnished with proofs of such loss as said policy required."

A trial was had before the court without a jury and judgment rendered for the full value of the house, and three-fourths of the value of the personal property.

Appellee testified in part as follows: "Immediately after the fire I notified the company in writing of the loss and destruction of the stock of goods and the building. About three or four days after the notice, J. W. Perry, the agent of the company at Rockdale, and the adjuster, M. Kelley, came down to look over the ground. Shortly after the fire occurred, I made out a written statement or proof of loss, which showed the amount of my inventory on January 1, 1901, and the amount of goods purchased after that date. I also submitted to a sworn written examination as to how the fire occurred."

He further testified on cross-examination that the only proof of loss he had ever made out and submitted to the defendant was the statement referred to in his direct examination, which merely contained a statement of the amount of his inventory on January 1, 1901, and the amount of his purchases from that date to the date of the fire, and the amount of his merchandise sales during said time, and that said statement did not contain any itemized statement of his goods, and was not sworn to by him, and did not contain any itemized statement of his purchases, but contained only totals of each amount. He further testified: "The defendant made no objection to the proof of loss I sent them, and did not send the same back to me or at any time object to the same in any manner whatever."

It is well settled that the provision above set out is a condition precedent, and a recovery can not be had unless the provisions are complied with or waived. Insurance Co. v. Clancy, 83 Texas, 113. It must also be obvious that the acts done by appellee, as shown by his evidence, fall short of a compliance with this provision in several respects.

He could therefore recover only on the theory that the evidence showed a waiver by appellant of this requirement in the policy. If it had been plead by appellee, it is likely that the evidence would sustain a finding

of waiver; but the assignments of error raise the question whether a judgment can be rendered on evidence showing a waiver, when the pleadings do not allege a waiver of the condition, but a compliance with it.

In some jurisdictions it seems that an exception has been made in precisely this class of cases, so that under an allegation of compliance with the condition, proof may be made that the condition was waived. McCullough v. Insurance Co., 21 S. W. Rep., 207. In this State, however, the general rule prevails that the proof must correspond to the allegations, and that proof of a waiver can not be made under an allegation that a condition precedent was complied with. Insurance Co. v. Brown, 82 Texas, 631; Insurance Co. v. Dyches, 56 Texas, 569.

Other questions presented are not apt to arise upon another trial; but because the evidence failed to show a compliance with the provision concerning proofs of loss, there being no pleading to admit the proof of waiver, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### OPINION ON MOTION FOR REHEARING.

Appellee has filed a motion for rehearing in this cause, in which it is insisted that he should have been permitted to show a waiver of the conditions of the policy with reference to proofs of loss, under his allegation that such conditions had been performed. In support of the motion, he cites 2 May on Insurance, section 589, which says that the weight of authority seems to be that proof of waiver is admissible under allegation of performance of a condition in a policy of insurance.

We have taken occasion to examine carefully the authorities cited by this author in support of this proposition. We find that some of the authorities hold directly that proof of waiver is proof of performance. The principal line of authorities, however, holding this doctrine are the decisions of the Supreme Court of Missouri. These cases, however, the latest of which is McCullough v. Insurance Company, 21 Southwestern Reporter, 307, recognize that this is an exception which they have adopted only in insurance cases; and the courts of that State do not seem to be altogether satisfied with their holding upon this subject, as appears from the following, taken from the opinion of the Court of Appeals in the case of Roy v. Boteler, 40 Missouri Appeals, 226:

"The plaintiff's further contention is that, even if the production of the architect's certificate was a condition precedent, the defendant could waive it, and that the proof of waiver sustains the allegation of performance. It seems that this construction finds some support in the cases of Insurance Company v. Kyle, 11 Missouri, 278; O'Key v. Insurance Company, 29 Missouri Appeals, 110; Travis v. Insurance Company, 32 Missouri Appeals, 101.

"The cases cited by plaintiff, and others which might have been cited,

assert the doctrine for which he contends only in insurance cases. Why the rules of pleading and practice should be different in actions in insurance contracts from other actions, is quite difficult to understand. The rule invoked by plaintiff seems to have so far been only made applicable to actions arising on insurance policies. Why so limited is nowhere made to appear. However this may all be, the cases cited by plaintiff can have no application to a case of this kind, or if so, then the same are not in harmony with the last utterance of the Supreme Court, by which we must be governed in this case [citing Lanitz v. King, 93 Missouri, 518, and other cases]. It is not pretended that the plaintiff has pleaded a waiver by defendant of the performance of any of the conditions precedent. If the plaintiff's offer of evidence tended to show a waiver of a condition precedent of the contract, or an excuse on his part for nonperformance, it was inadmissible and properly rejected, unless the petition had alleged such waiver or excuse for nonperformance, of which there is no pretense.

"In view of the rule declared in Lanitz v. King, and the other cases to the same effect which we have cited, it is quite clear that under the general allegation of performance of all the conditions of a contract, evidence of waiver of performance of such conditions is inadmissible."

It is perhaps true that none of the decisions of our State are precisely in point; but we think that the rule established by our Supreme Court in similar cases is sufficiently plain to indicate that an allegation of waiver is necessary to admit proof. In the case of Insurance Company v. La Croix, 45 Texas, 158, a question somewhat similar was presented; and appellees in that case contended that their plea of waiver was sufficient, and said: "So far from observing so strict a rule, other courts have held it unnecessary for the pleader to aver waiver, and that proof of waiver may be adduced under the general allegation of performance." And in support of this proposition, they cited all of the authorities cited by May on Insurance, including the Missouri cases. Our Supreme Court, however, sustained the objections to the plea of waiver, and in effect overruled their contention.

In the case of Dennison v. League, 16 Texas, 400, it is said: "There is no rule that has been so stringently enforced in this court as the rule that the allegata must be broad enough to let in the proof; and that no evidence not supported by the allegata can sustain a verdict. This rule has always been considered essential to our system of jurisprudence and giving harmony to the system. It was commented on and enforced in the case of Mimms v. Mitchell, 1 Texas, 443, and in Hall and Jones v. Jackson, and in fact by a train of decisions without ever having been relaxed in a single instance."

This rule has since been strictly adhered to by our Supreme Court; and, in view of this tendency, we do not feel authorized to follow the decisions of the Missouri courts and those other courts which permit proof of a waiver under the general allegation of performance. It cer-

tainly violates the rule that the proof must correspond to the allegations; and, as we have seen, the courts which have adopted the rule are now plainly manifesting dissatisfaction with their rulings.

The motion for rehearing is therefore overruled.

*Motion overruled.*

Opinion delivered December 24, 1902.