COOPER GROCERY CO. v. BLUME et al.

(Court of Civil Appeals of Texas. Austin. May 7, 1913.)

1. APPEAL AND ERROR (§ 285*)—NEW TRIAL—EXCEPTIONS TO PETITION.

Under Rev. Civ. St. 1911, art. 2062, providing that, where a ruling appears otherwise of record no bill of exceptions shall be necessary to preserve an exception thereto, it was not necessary to file a motion for a new trial where the only error complained of was in the court's ruling on exceptions to plaintiff's supplemental petition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1684–1672; Dec. Dig. § 285.*]

2. BANKRUPTCY (§ 435*)—DISCHARGE—PLEADING—SUPPLEMENTAL PETITION.

Where plaintiff sued in debt on notes and an open account, and defendant pleaded a discharge in bankruptcy, plaintiff could plead by supplemental petition that the goods had been obtained by false pretenses, and that the debt was therefore not discharged.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 824–839; Dec. Dig. § 435.*]

3. PLEADING (§ 180*)—SUPPLEMENTAL PETITION—DISCHARGE IN BANKRUPTCY.

Plaintiff sued in debt on notes and an open account, and, on defendant's pleading a discharge in bankruptcy, plaintiff by supplemental petition alleged that the goods had been obtained by false pretenses, and prayed judgment as in its original petition. Held that, since plaintiff was entitled to waive the fraud and sue on the debt, its election to do so by supplemental petition did not change the nature of the action to one of fraud or deceit, and hence the supplemental petition was not objectionable as alleging a different cause of action than that originally pleaded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 358–384; Dec. Dig. § 180.*]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by the Cooper Grocery Company against E. G. Blume and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Davis & Cocke, of Waco, for appellant. S. E. Stratton, of Waco, for appellees.

JENKINS, J. This is a suit for debt, evidenced by notes executed by appellees in favor of appellant, and upon an open account for goods sold. Appellees plead discharge in bankruptcy. Appellant filed a supplemental petition, alleging that the debt was for goods obtained by fraudulent representations, and therefore was not affected by the discharge in bankruptcy, and prayed for judgment as in its original petition. Appellees excepted to said supplemental petition for the reason that the matters therein contained were inconsistent with the cause of action alleged in plaintiff's petition in that said original petition declares and sues upon certain promissory notes and a small account for goods, wares, and merchandise sold and delivered, and said supplemental petition attempts to recover herein on an alleged fraud of defendants, and that the allegations of fraud in said supplemental petition are inconsistent with the allegation of contract in the original petition. Second. That, this being a suit upon contract, plaintiff is estopped from setting up fraud. Third. That said supplemental petition and said original petition, when taken together, do not allege a cause of action for obtaining goods under false pretenses. The court sustained all of these exceptions. To which appellant excepted, as appears in the judgment.

[1] 1. Appellee objects to the consideration of all of appellant's assignments of error for the reason that no motion for a new trial was filed herein, and the assignments of error do not refer to any motion for a new trial. These objections would seem to be well taken under rules 24 and 25 for the government of the Courts of Civil Appeals (142 S. W. xii), and rule 71a for the government of district courts (145 S. W. vii). However, we overrule said objections on authority of the decision of the Supreme Court in Railway Co. v. Beaseley, 155 S. W. 187, wherein it is held that said rules are in violation of the statute in so far as they require that the rulings of the court in giving or refusing charges should be set out in the motion for new trial. Article 2062, R. S., upon which the above opinion is based, reads as follows: "Where the ruling or other action of the court appears otherwise of record, no bill of exceptions shall be necessary to reserve an exception thereto." The judgment of the court in sustaining appellees' exceptions in this case, and appellant's exception thereto, appears from the record in the judgment entered thereon. If, as appears from the ruling of the Supreme Court in the case above cited, "it is not necessary to embrace in the motion for rehearing in the trial court any action or ruling of that court in giving or refusing charges, as mentioned

in article 2061," it would seem, for the same reason that it is not necessary to file a motion for a new trial where the only error complained of is the ruling of the court on exceptions (article 2062, R. S.).

[2] 2. Under appellant's assignments of error herein and propositions thereunder, we hold that the court committed error in sustaining appellee's exceptions, as hereinbefore set out. This was an action for debt, as shown by appellant's original petition. Appellee replied thereto that the debt had been discharged by proceedings in bankruptcy. A supplemental petition was the proper place in which to reply to this allegation. In its supplemental petition appellant replied that this debt was not discharged by bankruptcy, for the reason that it was for goods obtained under false pretenses. In a suit to recover goods conveyed to a trustee, fraud of the vendee in procuring the sale of the goods may be set up in a supplemental petition in replication to the trustee's answer that sale by plaintiff passed title to his vendee, and that the trust deed passed title from the vendee to him. Harrison v. Hawley, 7 Tex. Civ. App. 311, 26 S. W. 765; Railway v. White, 32 S. W. 324. Grabenheimer v. Blum, 63 Tex. 369, 373, was a suit upon a debt. Defendant replied that the debt had been compromised and fully paid in accordance with the terms of said compromise. Plaintiffs in supplemental petition admitted the compromise and the payment of the amount agreed on thereunder, but alleged that said promise was obtained by fraudulent representations. The defendant specially excepted to the supplemental petition for the reason that "it was not competent for plaintiff to set up in this suit, in a supplemental petition, a new cause of action as damages for fraud. The pleading referred to is not obnoxious to the objection that it set up as by amendment a new and distinct cause of action from that relied on in the original petition; it was a reply—a replication, it would be termed in common-law parlance—to the defendant's answer; and pertinent to the phase of the case thus existing under the development of the pleadings by the defendant, and that required to meet it on the part of the plaintiffs, they prayed, as they ·well might have done, for the relief appropriate to their pleadings as they then stood."

We are cited by appellees to the case of Strauch v. Flynn, 108 Minn. 313, 122 N. W. 320, 22 Am. Bankr. Rep. 246, in which it was held that the new matter in reply was inconsistent with the allegations in the original petition, and therefore should be stricken out. This decision was governed by the statute of Minnesota, which is altogether different from our statute on pleading.

[3] 3. The only remaining question for our decision is as to whether or not the allegations of plaintiff's supplemental petition were sufficient, if true, to prevent the discharge in bankruptcy being a bar to plaintiff's cause of action. The seventeenth section of the bankruptcy act contains the following: "Debts Not Affected by a Discharge. A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * are liabilities for obtaining property by false pretenses or false representations." Act July 1, 1898, c. 541, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428). In Packer v. Whittier, 91 Fed. 511, 33 C. C. A. 658, plaintiff sued and obtained judgment upon a debt. Defendant was afterwards discharged in bankruptcy; in an action on this judgment, defendant pleaded his discharge in bankruptcy. The plaintiff alleged: "That said debt represented by said judgment was created by the fraud of the judgment debtor, and is not canceled by said defendant's discharge in bankruptcy." It was held that plaintiff was entitled to prove this allegation.

It is the contention of appellees that the supplemental petition alleged a cause of action upon fraud or deceit. Where a fraud has been committed in the purchase of property, a party may waive the fraud and sue upon the debt in accordance with the contract, or he may repudiate the contract and sue for the damages incurred by reason of such fraud. In the former case the measure of his recovery would be the contract price; in the latter case it would be the value of the goods, which might be more or less than the contract price. In the instant case the appellant sued upon its debt. It did not by its supplemental petition change the nature of its action to one of fraud or deceit, but only alleged such fraud in reply to appellees' plea of their discharge in bankruptcy in bar of plaintiff's cause of action. Appellant, after setting up in said supplemental petition the particulars of the alleged fraudulent representations in obtaining said goods, concluded with the following prayer: "Wherefore plaintiff prays as in its original petition for judgment for the amount of its debt, principal, interest, and attorney's fees, and it will ever pray," etc.

For the error of the court in sustaining appellee's said exceptions, this case is reversed and remanded for a new trial.

Reversed and remanded.