AMERICAN NAT. INS. CO. v. GALLIMORE.
(No. 1300.)

(Court of Civil Appeals of Texas. Texarkana. April 9, 1914.)

1. INSURANCE (§ 365*) — LIFE INSURANCE — LAPSE.

Where a life policy provided for reinstatement upon payment of back premiums, but that the insurer should not be liable for death occurring within five weeks from reinstatement, the beneficiary cannot recover, where the insured died within five weeks after the payment of the back premiums; there being no showing of any waiver of conditions by the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 932, 933; Dec. Dig. § 365.*]

2. INSURANCE (§ 536*) — LIFE INSURANCE — PROOFS OF DEATH.

Where a life policy required proofs of death as a condition precedent to recovery, there can be no recovery, where no proofs were made, and there was no waiver of the condition.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1323; Dec. Dig. § 536.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by William H. Gallimore against the American National Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

W. H. Clark and M. L. Robertson, both of Dallas, for appellant. Joseph Utay, of Dallas, for appellee.

HODGES, J. In this suit the appellee seeks to recover of the appellant the sum of $213.60, claimed as the amount due on a policy of insurance. He also asks for 12 per cent. of the above amount as damages, and $50 as attorney's fees. On June 13, 1913, the appellee filed what he terms his "first supplemental petition," but which is in reality an amended original petition. In this pleading he alleges, among other things, as follows: "That on the 6th day of July, 1908, plaintiff was the husband of one Mary Gallimore; that on the same day defendant, in consideration of the payment by said Mary Gallimore to the defendant of the sum of 15 cents, and the further sum of 15 cents to be paid weekly through her natural life, executed and delivered to said Mary Gallimore its policy of insurance in writing, whereby it insured the

life of the said Mary Gallimore in the sum of $216 for the benefit of plaintiff, and thereby promised to pay and became liable to pay the said sum upon the death of Mary Gallimore. Plaintiff further represents that said Mary Gallimore died on or about the 12th day of May, 1912, and that up to the time of her death all premiums accrued and due upon said policy were paid, save and except the sum of 90 cents, which premiums had been tendered to the defendant on or about the 10th day of May, 1912, and refused by said defendant; that all conditions and provisions of said policy were complied with; that within a reasonable time after the death of the insured, the defendant was given notice of the death of insured, and plaintiff duly demanded from the defendant the amount as contracted for in said policy of insurance, less 90 cents, the amount of premiums then due." Then follow other allegations, not necessary to be considered in disposing of the questions presented in this appeal.

The answer of the appellant consisted of a general demurrer, what are termed "special exceptions," and general and special denials. In substance, the defense was the failure to pay the stipulated premiums according to the terms of the policy and to present proofs of death before suit was instituted. It is further alleged that, by reason of the failure to pay the premiums according to its terms, the policy had lapsed, and was not in force at the time of the death of the insured. The paragraphs of the answer referred to as "special exceptions" have none of the essentials necessary to constitute that character of pleading. They point out no part of the contents of the petition as objectionable, but, on the contrary, refer to issues of fact, and therefore cannot be treated as exceptions.

[1] A verdict and judgment were rendered in favor of the plaintiff for the amount of the policy, damages, and attorney's fees.

Complaint is made of the following charge of the court: "You are further instructed that, if you find and believe from the evidence that plaintiff paid to the defendant or its agent or employé the sum of $2 on April 15, 1912, and that said agent accepted said money, and that, as such agent, he was authorized to receive money and that he did, in fact, receive such money, then such act was the act of the defendant, and you will find for the plaintiff." At the time the policy of insurance was issued, the insured was furnished with a book called a "premium receipt book," in which the premiums made at various times were entered. This book was offered in evidence by the appellee, and showed that premiums had been paid and entered up to and including January 22, 1912. Appellee also offered in evidence two receipts; one dated March 18, 1912, and the other April 15, 1912. Each of those receipts was as follows: "Received from Wm. Gallimore

$2.00, being the arrears on Policy No. ——— which the applicant desires the company to revive. Under no circumstances will the company be liable under said policy in case of death until the policy has been revived on the books of the company and the money credited in the premium receipt book belonging to said policy. [Signed] L. C. Awalt, Agent." The following language was indorsed on the end of the receipt: "If the company accepts the revival application the amount paid will be credited in the premium book belonging with the policy; otherwise the money will be returned." These were the only evidences of any payments made on the premiums due upon the policy. The policy contains, among other provisions, the following:

"4th. This policy shall be void if there is in force upon the life of the insured an industrial policy previously issued by this company, unless the policy first issued is indorsed by the president or secretary authorizing this policy to be in force at the same time; or if any of the representations upon which this policy is issued are not correct; or if the said weekly premium is not paid according to the terms of this contract. If for any cause this policy become void, all premiums paid hereon will be forfeited to the company, except as in the privileges and concessions herein provided for.

"Grace in Payment of Premiums.— Should the insured die while the premiums on this policy are in arrears for a term not exceeding four weeks, the company will pay the benefits provided herein, subject to the conditions of this contract.

"Reinstatement.—The insured out of benefit may be reinstated upon payment of back premiums in full and upon passing a satisfactory medical examination (but such examination may be waived by the company if it desires to do so); but the insured will not be entitled to any benefits under this policy unless in sound health and free from any diseases at the time of such reinstatement; and in case death should occur from any cause whatever within five weeks from the date of such reinstatement, the company shall not be liable to any extent whatever on account of such death."

The testimony offered by the appellant was to the effect that this policy was lapsed on the books of the company on the 21st day of February, 1912, for the nonpayment of the premiums. This testimony was not disputed. One of the appellant's agents admitted that he had received some money from Gallimore after the policy was lapsed, but stated that this money was insufficient in amount to pay the arrearage then due, and was received with the understanding between him and Gallimore that it should be applied on the premiums when a sufficient amount had been paid over. The receipts referred to show that the policy had lapsed. There was no testimony that it had been revived, or that

a certificate of good health had been presented, or that the company had waived the requirements provided for in the policy. The insured died on May 12th, less than five weeks after the April payment referred to in the charge. According to the terms of the policy, there was no liability if death occurred within that time, even if the policy had been officially revived. The court therefore erred in assuming, as a matter of law, that the payment of $2 on April 15th restored the insured to good standing in the company.

The appellee, in stating his cause of action, admitted an arrearage of 90 cents, which, according to the terms of the policy, was sufficient to avoid it and forfeit all prior payments. He alleges nothing which tends to excuse the nonpayment of those premiums, or to indicate that a forfeiture was waived. He could not, in the face of this admitted arrearage, recover upon proof tending to show that no arrearage, in fact, existed.

[2] Again, there was no proof of death, as required by the provisions of the policy, nor is there any allegation that such proof was waived. Under the provisions of the policy, that proof was necessary as a condition precedent to a recovery unless waived. Metropolitan Life Ins. Co. v. Wagner, 50 Tex. Civ. App. 233, 109 S. W. 1120; Niagara Ins. Co. v. Lee, 73 Tex. 641, 11 S. W. 1024. If a waiver is relied on, it must be alleged. Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979; St. Paul Fire & Marine Ins. Co. v. Hodge, 30 Tex. Civ. App. 257, 70 S. W. 574, 71 S. W. 386; East Texas Fire Ins. Co. v. Brown, 82 Tex. 631, 18 S. W. 713; 4 Cooley's Briefs on Ins. p. 3556, and cases cited in notes.

We not only think the charge quoted should not have been given, but that the verdict and judgment are clearly without evidence to sustain them. We are inclined to believe, however, that, under proper pleadings, the appellee may be able to show a right of recovery, and for that reason the judgment will be reversed, and the cause remanded instead of judgment being here rendered for the appellant.

Reversed and remanded.