## AMERICAN NAT. LIFE INS. CO. v. ROWELL. (No. 7334.)

(Court of Civil Appeals of Texas. Dallas. March 27, 1915.)

1. INSURANCE ☞639 — ACTION ON POLICY — PLEADING—DEFENSES.

In an action on a life insurance policy providing that the insurer should not be liable unless at date of issuance the insured was in sound health, it was not necessary that the petition allege that insured was in sound health; that being a matter of defense under the terms of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1593, 1598; Dec. Dig. ☞ 639.]

2. INSURANCE ☞645—ACTION ON LIFE POLICY—ISSUES AND EVIDENCE—HEALTH OF INSURED.

In an action on a life insurance policy, allegations that insured was not in sound health when the policy issued, as known to plaintiff and to the insured, which representations were untrue, without directly alleging that insured falsely represented that she was in sound health,

did not sufficiently plead the defense to justify the admission of evidence to establish it.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1632–1644; Dec. Dig. ☞ 645.]

**3. INSURANCE ☞390—LIFE INSURANCE—DEFENSES—NOTICE TO INSURED—STATUTES.**

An insurer who did not allege and prove notice within 90 days to either the insured or the beneficiary that it refused to be further bound by the contract on the ground of misrepresentations as to the insured's health at the issuance of the policy, as allowed by Vernon's Sayles' Ann. Civ. St. 1914, art. 4948, could not defend an action on the policy because of the alleged misrepresentation or any covenant of warranty.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1037, 1038; Dec. Dig. ☞390.]

**4. APPEAL AND ERROR ☞263—REVIEW—EXCEPTION.**

Where the refusal of a special charge was not excepted to and the point reserved by bill of exceptions incorporated into the record, the refusal of the charge will be considered as approved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1523, 1525–1532; Dec. Dig. ☞263.]

**5. INSURANCE ☞536 — ACTION ON POLICY — RECOVERY—PROOF OF DEATH.**

Under a life insurance policy making it a condition precedent to a recovery thereon that proofs of death be furnished as required by the policy, a failure to furnish such proofs, without a claim of waiver of the provisions or excuse shown, defeats a recovery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1323; Dec. Dig. ☞536.]

**6. INSURANCE ☞634 — ACTION ON POLICY — WAIVER OF PROOFS OF DEATH.**

A waiver of the proofs of death required by the policy, if relied on by the insured in an action thereon, must be alleged.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1593, 1596, 1598, 1603–1606, 1608; Dec. Dig. ☞634.]

**7. APPEAL AND ERROR ☞301 — MOTION FOR NEW TRIAL—CONTENTS—EXCEPTION TO PETITION.**

Rule 24 for Courts of Civil Appeals (142 S. W. xii), providing that the assignment of error shall distinctly specify the grounds of error relied on, and that a ground of error not distinctly set forth in the motion for a new trial shall be considered as waived, unless fundamental error, must be construed to harmonize with Rev. St. 1911, art. 2061, providing that rulings on instructions shal be regarded as excepted to in all cases, and article 2062, declaring that, where the ruling or other action appears otherwise of record, no bill of exceptions shall be necessary to reserve an exception thereto, does not require that an exception to the sufficiency of the petition shall be made a ground of the motion for new trial in the court below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1743, 1753–1755; Dec. Dig. ☞301.]

**8. APPEAL AND ERROR ☞257, 544—REVIEW—RULING ON APPLICATION FOR CONTINUANCE.**

The overruling of an application for a continuance cannot be reviewed where it is not excepted to and the point preserved by a bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1494–1497, 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ☞257, 544.]

**9. APPEAL AND ERROR ☞732—ASSIGNMENTS OF ERROR—SUFFICIENCY.**

An assignment complaining that the trial court erred in overruling a motion for a new trial because the verdict and judgment were contrary to, and unsupported by, the evidence, is too general and indefinite for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. ☞ 732.]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by John F. Rowell against the American National Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

M. L. Robertson, of Dallas, for appellant. Joe Utay and C. T. Williamson, both of Dallas, for appellee.

TALBOT, J. Appellee, John F. Rowell, as plaintiff below, instituted this suit on the 3d day of March, 1913, in the justice court, precinct No. 1, Dallas county, Tex., against the appellant, American National Insurance Company, to recover upon a policy of insurance issued by appellant on the 22d day of July, 1912, for and in consideration of the payment of the premium of 10 cents, and the further sum of 10 cents to be paid weekly through her natural life, the said policy insuring the life of Gertrude Rowell, the wife of appellee, for the sum of $192, payable to appellee upon the death of his wife, with the provision in said policy that in case insured died within six months from the date thereof that in that event one-half of the aforesaid amount should be paid. Appellee alleged that his wife died on or about the 20th day of November, 1912, and that up to the time of her death all premiums accrued and due upon said policy were paid, and all conditions and provisions thereof were complied with; that a reasonable time after the death of the insured the defendant was given notice of the death of the insured, and plaintiff duly demanded from the defendant the amount contracted for in said policy of insurance, which defendant refused to pay. Plaintiff prayed judgment for the sum of $96 (one-half the face of said policy), interest, 12 per cent. damages on the amount of the loss, attorney's fees in the sum of $25, and for costs of suit. The defendant answered by general and special demurrers to plaintiff's petition, a general denial, and specially that, as a condition precedent to a recovery thereon, the policy provided that no obligation is assumed by the insurance company prior to the date thereof, nor unless on said date the insured is alive and in sound health; that the insured was not in sound health at said date, and died within four months thereafter of consumption. Defendant further alleged that the premiums due on the policy were not paid according to the terms of the policy, and that it had lapsed before the death of the insured. From a judgment in favor of

the plaintiff in the justice court for $132.52, the amount sued for, defendant appealed to the county court at law of Dallas county, where judgment was again rendered in favor of the plaintiff for said amount, and the defendant perfected an appeal to this court.

[1] There was no error in the court's action in overruling defendant's general and special demurrers to plaintiff's petition upon the ground that said petition showed no cause of action because it was not alleged that the insured was in sound health at the time the policy of insurance sued on was issued, or in refusing to permit the introduction of testimony to the effect that the insured at that time was not in sound health, or in refusing to give the special charge requested by defendant, to the effect that if the jury believed from the evidence that the insured was not in sound health at the time the policy was issued to find for the defendant. The plaintiff's petition was not obnoxious to either a general or special demurrer because it did not allege that the insured was in sound health at the date of the issuance of the policy. If she was not in sound health at that time, such fact was a matter of defense to be pleaded by the defendant.

[2] The answer of the defendant averred that the insured was not in sound health when the policy was issued, but the defense was not sufficiently pleaded to justify the admission of testimony to establish it. Without directly alleging that the insured falsely represented that she was in sound health at the time the policy was issued, it is alleged "that insured was not in sound health at said date and known by plaintiff and insured not to be so, which representations were untrue, and insured died within four months after said date of consumption, which disease she had at said date, and the defendant is ready to verify, but it was not alleged that the defendant had given notice to either the insured or the beneficiary that it refused to be further bound by the contract.

[3] Article 4948 of Vernon's Civil Statutes provides that in all suits brought upon insurance contracts no defense based upon misrepresentations made in application for, or in obtaining or securing, the said contract, shall be valid, unless the defendant shall show on the trial that, within a reasonable time after discovering the falsity of the misrepresentations so made, it gave notice to the assured, if living, or, if dead, to the owners or beneficiaries of said contract, that it refused to be bound by the contract or policy; it being further provided that 90 days shall be a reasonable time. The failure to give the notice here prescribed absolutely bars the insurance company from defending an action on the policy because of alleged misrepresentations. National Life Ass'n v. Hagelstein, 156 S. W. 353. The statute referred to applies to covenants of warranty as well as to statements in the application not

made warranties by the contract. Mecca Fire Ins. Co. v. Stricker, 136 S. W. 599. The provision in the policy was not a condition precedent to a recovery thereon, but, as said, was a defensive matter to be pleaded by the defendant, and that the purpose of its pleading on the subject was to charge that the insured was falsely represented to be in good health at the time the policy sued on was issued is clearly apparent.

[4] So far as the refusal of the special charge relating to the matter, and appellant's complaint thereof, is concerned, it is sufficient to say that the court's action in this respect was not excepted to and the point preserved by a bill of exception. No such bill of exception having been taken and incorporated in the record sent to this court, the refusal of the charge will be considered as having been approved. So well is this rule of practice now established that it is unnecessary to cite authorities in support of it, but in the condition of the pleadings and evidence there was, of course, no error in refusing the charge.

The third assignment of error complains of the court's action in overruling the defendant's special exception challenging the sufficiency of the plaintiff's petition on the ground that it does not allege that proof of the death of the insured was made to the insurance company as required by the provision of the policy. This assignment is well taken, and requires a reversal of the case.

[5] It is well settled that, where a life insurance policy makes it a condition precedent to a recovery thereon that proofs of death be furnished in accordance with the provisions of the policy, and there is a failure to furnish such proofs, and no waiver of the provision is claimed, nor excuse shown, there can be no recovery on the policy. Life Ins. Co. v. Wagner, 50 Tex. Civ. App. 233, 109 S. W. 1120; Niagara Ins. Co. v. Lee, 73 Tex. 641, 11 S. W. 1024; American Nat. Ins. Co. v. Gallimore, 166 S. W. 17. Proof of the death of the insured in the present case is made, by the provisions of the policy, a condition precedent to a recovery thereon, and, plaintiff's petition failing to allege that such proof had been made as required, and failing to allege either a waiver thereof, or an excuse for not furnishing the proof, it was obnoxious to defendant's special demurrer, and the same should have been sustained.

[6] That a waiver must be alleged if relied on is affirmed by the following cases: East Texas Fire Ins. Co. v. Brown, 82 Tex. 631, 18 S. W. 713; St. Paul Fire & Marine Ins. Co. v. Hodge, 30 Tex. Civ. App. 257, 70 S. W. 574, 71 S. W. 386; Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979.

[7] Appellee does not attempt to reply to the assignment of error raising the question just discussed, but objects to its consideration for the reason that the error therein

complained of was not made a ground of appellant's motion for a new trial in the court below, and cites in support of his objection rule 24 (142 S. W. xii) promulgated by the Supreme Court for the government of the Courts of Civil Appeals, and rule 101a (159 S. W. xi) for the district and county courts. In view of the decision of the Supreme Court in the case of Railway Co. v. Beasley, 155 S. W. 187, the objection must be overruled. In that case the Supreme Court said that rule 24 must be construed so as to harmonize with articles 2061 and 2062 of the Revised Statute, the latter of which declares that, "where the ruling or other action of the court appears otherwise of record, no bill of exceptions shall be necessary to reserve on exception thereto," and with a former decision of that court; that, so interpreted, rule 24 does not require that the giving or refusing of charges to the jury shall be included in the motion for a new trial filed in the lower court. In Clark & Loftus v. Pearce, 80 Tex. 146, 15 S. W. 787, it was held that, in order to have the insufficiency of the evidence to support the verdict of a jury revised on appeal, it was necessary to make the matter a ground for action in a motion for new trial in the lower court, but that, "in regard to the rulings of the court upon exceptions to the pleadings, the admission of evidence, and in the giving or refusal of instructions a different rule prevails"; that, the court "having once acted, it is not to be presumed that the judge will change his ruling; and hence, in order to appeal from such action, it is not necessary that it be made ground for a new trial." See, also, Western Union Telegraph Co. v. Mitchell, 89 Tex. 441, 35 S. W. 4. The action of the court in overruling the demurrer in question and appellant's exception to such ruling appears from the judgment entered and made a part of the record, and it follows from the Supreme Court's holding in the cases referred to that it was not essential to appellant's right of appeal therefrom to make such action or ruling a ground for a new trial in the county court; for the same reason exists for holding that it was not necessary to make such action or ruling a ground for a new trial in the lower court as that given by the Supreme Court for declaring that it was not necessary to do so where the ruling complained of was the giving or refusing of charges. Cooper Grocery Co. v. Blume, 156 S. W. 1157.

By the provisions of the practice act of the Thirty-Third Legislature (Laws 1913, p. 113), it is now necessary to except to the giving or refusing of charges, and the appellate court, in case of an appeal, must be advised of the ruling of the trial court in reference thereto and of the objections and exceptions thereto of the complaining party in order to have the ruling reviewed. No such change, however, has been made in the statute construed in the cases of the Supreme Court referred to in reference to the action of the court which appears "otherwise of record," such as the sustaining or overruling of demurrers.

The tenth and eleventh assignments of error have been disposed of by what has been said in relation to appellant's contention that the trial court erred in overruling its general and special demurrers to appellee's petition because the petition did not allege that the insured was in sound health at the time the policy of insurance sued on was issued, and the ninth and twelfth will be overruled because we believe the court's action in permitting appellee to introduce in evidence the receipt for $1 as evidence of payment of premiums on the policy, which is complained of in said assignments, was justified by the date of the receipt and other testimony in the case.

The other assignments of error in relation to questions not discussed, in the attitude presented, cannot be considered.

[8]. The record does not show that the action of the court in overruling appellant's application for a continuance, made the basis of the fifth assignment, was excepted to, and the point preserved by a bill of exceptions. Without such a bill the ruling cannot be reviewed.

[9] The thirteenth assignment, complaining that the trial court erred in overruling the appellant's motion for a new trial, because the verdict and judgment are contrary to, and unsupported by, the evidence, is too general and indefinite for consideration, and will be ignored.

For reasons indicated, the judgment is reversed, and the cause remanded.