### AMERICAN BANKERS' INS. CO. et al. v. WALLER.
### No. 3136.

Court of Civil Appeals of Texas. El Paso.
Feb. 14, 1935.

Simpson & Brewster, of Fort Worth, for appellant.

G. E. Shaw, of Dallas, for appellee.

HIGGINS, Justice.

This is a suit by Ima Waller against the American Bankers' Insurance Company and the Southern General Mutual Life Insurance Company upon a policy dated November 7, 1932, issued by the first named defendant, insuring the life of Andrew Waller, who died April 21, 1933, in which policy the plaintiff was named as beneficiary and by the terms of which said defendant agreed to pay to the beneficiary $500 immediately upon receipt of due proof of death of the insured. As against the Southern General Mutual Life Insurance Company it was alleged that on February 27, 1933, such company took over the assets of its codefendant and assumed its liability upon the policy.

Among other defenses, the defendants set up failure to furnish proof of death of the insured, in reply to which plaintiff pleaded waiver of such proof arising out of a denial of liability, upon the policy by defendants' agents, W. C. Neal and F. H. McDugal. Plaintiff recovered judgment against both defendants as sought, from which the American Company appeals.

A number of propositions relate to matters of which only the Southern General Company could complain, and, since that company has not appealed, there is no occasion to consider such propositions.

■ Under the terms of the policy, proof of death of the insured was a condition precedent to any right of recovery. It was incumbent upon the plaintiff to allege and prove that such proof was furnished or a waiver thereof shown. American N. L. I. Co. v. Rowell (Tex. Civ. App.) 175 S. W. 170.

■ There is no competent evidence whatever to show that Neal or McDugal had any authority to take any action which would op-

erate against appellant as a waiver of proof of death. It may be doubted whether there is any competent evidence to show that they were appellant's agents in any capacity. But, conceding the sufficiency and competency of the evidence of agency, there is a complete lack of competent evidence to show that their status as such would expressly or impliedly authorize them to act for appellant in denying liability upon the policy. The various propositions presenting this phase of the case are sustained.

The judgment against the Southern General Mutual Life Insurance Company is not disturbed; as against the American Bankers' Insurance Company the judgment is reversed and remanded.