RUSSELL v. HAMILTON et al.    (No. 1421.)

(Court of Civil Appeals of Texas.    Texarkana. Feb. 18, 1915.)

1. GARNISHMENT ⚙➞131 — DUTY OF GARNISHEE—HOMESTEAD EXEMPTION.

Where the debt sought to be garnished is exempt as the proceeds of sale of a homestead, it is the duty of garnishee to set up such exemption.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 260; Dec. Dig. ⚙➞131.]

2. GARNISHMENT ⚙➞133—RIGHT OF DEFENDANT TO BE HEARD.

In garnishment proceedings, the defendant may voluntarily appear to protect his rights by setting up that the debt sought to be garnisheed was exempt as the proceeds of a sale of a homestead, or the garnishee may cite the defendant in for that purpose.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 262; Dec. Dig. ⚙➞133.]

3. HOMESTEAD ⚙➞76 — SALE — CONTROL OF PROCEEDS BY HUSBAND.

A husband has the right to control the proceeds of the sale of a homestead and may apply them to the payment of debts.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. ⚙➞76.]

4. ESTOPPEL ⚙➞68—EXEMPTION—FAILURE OF GARNISHEE TO SET UP.

Where the defendant in garnishment, when notified by the garnishee to set up his proper exemptions that a claim attached was exempt as being proceeds of a sale of homestead, and such defendant told the garnishee to let the case go to judgment, and it would be all right, he cannot later recover against the garnishee a sum so laid open to attachment by his own act, since a husband's control of the proceeds of the sale of his and his wife's homestead was complete.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. ⚙➞68.]

Appeal from District Court, Titus County; W. T. Armstead, Judge.

Action by Joe Hamilton and another against C. L. Russell. Judgment for plaintiffs on demurrer to the answer, and defendant appeals. Reversed and remanded.

I. N. Williams, of Mt. Pleasant, and Seb F. Caldwell, of Austin, for appellant. J. A. Ward, of Mt. Pleasant, for appellees.

LEVY, J. Joe Hamilton sued appellant for $92.15 and to foreclose an alleged vendor's lien on real estate. It was averred that the sum of money was the balance due and unpaid on the voluntary sale of plaintiff's homestead. Appellant made defense, among other things, in the nature of estoppel, that a writ of garnishment was served upon him issuing out of the justice court on a judgment in favor of E. I. Lazarus against Joe Hamilton, and that, upon the service of the writ, appellant notified Hamilton and requested him to make answer setting up his exemption to the funds, and that Hamilton agreed to do so, but later informed appellant that he would not answer the garnishment proceedings, and that it would be all right for appellant to let the case go to judgment; that appellant, relying upon this statement and purpose of Hamilton, did not answer, and judgment was entered by the court, which appellant paid into the justice court on the debt of Hamilton. Appellee Hamilton demurred to the defense. The court sustained the demurrer, and appellant was deprived of the defense. The appellant by assignment predicates error on the ruling of the court.

[1-4] It was the duty of the garnishee to make the defense of exemption (Railway Co. v. Whipsker, 77 Tex. 14, 13 S. W. 639, 8 L.

R. A. 321, 19 Am. St. Rep. 734), or it was proper for appellant to have had Hamilton cited in the garnishment proceeding, to the end that he should make his own defense of exemption (Railway Co. v. Whipsker, supra; Iglehart v. Moore, 21 Tex. 501). And it is permitted to the defendant in garnishment to voluntarily appear in the proceedings for the purpose of maintaining his right. But, assuming the averments of the circumstances to be correct, there is disclosed absolute fairness on the part of the garnishee and reasonable ground for his failure to cite the defendant in garnishment or himself present the defense he otherwise, as trustee, would have to make. According to the averments, the defense of exemption was not presented entirely, because of the intention and conduct of Hamilton himself, the defendant in garnishment, who had at the time full knowledge of the proceedings. The husband has the right to control the proceeds of the sale of the homestead, and may apply such proceeds to the payment of debts. Bank v. Ferguson, 126 S. W. 622. And if Hamilton desired, as appears from averments, to have the proceeds of the sale in suit go through the process of garnishment in satisfaction of the judgment debt against him, there was no legal objection to his consenting that a garnishment order might be entered subjecting the funds to the debt. As a consequence of such right in Hamilton, the garnishee could rely on the statement and declaration to him by Hamilton to the effect that he would not maintain his right of exemption, and that the garnishee need not present it for him. It is believed that estoppel may be predicated in the circumstances, if established as facts in the trial, and the court erred in striking out the defense. The case of Railway Co. v. Whipsker, supra, cited by appellee, does not go to the extent of holding, it is thought, that the defendant in garnishment, with full knowledge of the issuance of the garnishment, may not consent that the garnishee make no defense for him. And the case of Johnson v. Hall, 163 S. W. 399, expressly states that Hall had no notice of the garnishment proceedings, and that the evidence did not present any issue of estoppel.

The assignment is sustained, and the judgment as to appellant is reversed, and the cause remanded. The judgment against Connor Bros., not having been appealed from, will remain undisturbed.