# German Investment & Securities Company, Appellant, v. Rock Falls Manufacturing Company, Appellee.

## Gen. No. 5,997.

1. GARNISHMENT, § 153*—*when judgment against garnishee bar to claim of third person.* Where a garnishee, although disclosing that an indebtedness was claimed by a third person as assignee, permitted a judgment to be taken against him without the latter being given the notice required by section 9, art. IX, ch. 79, Rev. St. (J. & A. ¶¶ 6953, 6954), and thereafter without appealing, the garnishee paid the judgment, *held* that he was not relieved from liability to the assignee.

2. SALES, § 33*—*when evidence shows fraud which prevents title from passing.* The evidence *held* not to show that the purchaser of chattels was guilty of fraud which could prevent the title from passing.

3. ASSIGNMENTS, § 11*—*sufficiency of assignment of account by person doing business in corporate name.* An account in favor of a person doing business in a corporate name, *held* sufficiently assigned, if a personal assignment was necessary, by the signature of "Falls City Lumber Company, by Charles H. Stotz."

Appeal from the City Court of Sterling; the Hon. CARL E. SHELDON, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of facts. Opinion filed March 9, 1915.

J. J. LUDENS, for appellant.

A. A. WOLFERSPERGER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE DIBELL delivered the opinion of the court.

The German Investment & Securities Company sued the Rock Falls Manufacturing Company before a justice of the peace, and on a trial had a judgment for $166.63, and the defendant appealed to the city court of Sterling, where there was a trial without a jury upon a stipulation and upon certain documentary and oral evidence, and there was a finding and a judgment for defendant, from which plaintiff appeals.

The Whaley-Warren Lumber Company of Virginia sold a carload of lumber to the Falls City Lumber Company of Louisville, Kentucky, and the latter company sold said carload to the Rock Falls Manufacturing Company of Sterling, in Whiteside county, and the Rock Falls Company received the lumber. The Falls City Lumber Company had long prior thereto a standing written contract with the German Investment & Securities Company of Louisville, Kentucky, by which the securities company agreed to discount the outstanding accounts of the Falls City Company at certain rates, and, pursuant to that agreement, the securities company discounted this account which the Falls City Lumber Company had against the Rock Falls Manufacturing Company for this carload of lumber and four other bills, and the Falls City company duly assigned said accounts to the securities company and was paid therefor. Thereafter there was correspondence between the securities company and the Rock Falls company, plaintiff and defendant herein, in which the defendant was fully advised of said assignment and was repeatedly dunned for payment, and defendant asked for and obtained from plaintiff a slight reduction in the bill because of an alleged shortage of the lumber in the car. Thereafter the Whaley-Warren Lumber Company sued the Falls City Lumber Company for the value of said carload of lumber before a justice of the peace and garnished the Rock Falls company, and the latter appeared, and there

was a trial and a judgment in favor of the plaintiff for the price of said carload of lumber against said garnishee, the defendant herein, and it paid that judgment. It claims that that payment by it is a defense to this suit by the securities company.

Sections 8 and 9 of article IX of chapter 79 of the Revised Statutes (J. & A. ¶¶ 6953, 6954) relating to justices and constables, provides that if it appears that any choses in action, credits and effects in the hands of a garnishee are claimed by any other person by force of an assignment from the defendant, the justice shall permit such claimant to appear and maintain his right, and if he does not voluntarily appear, notice shall be issued and served upon him in such manner as the justice shall direct; and if the claimant appears he may become a party to the suit and may allege and prove his claim to the property, and such allegations shall be tried and determined; and if such person, so notified, shall fail to appear, he shall be concluded by the judgment. Defendant offered the transcript of that proceeding in evidence, by which it is shown that said garnishee, the defendant herein, appeared and answered under oath that it was indebted to said Falls City Lumber Company in the sum of $166.63, and judgment was rendered against it. The transcript does not show that the garnishee informed the justice that the securities company claimed this account by virtue of an assignment to it. It introduced oral testimony on the present trial that its president did fully advise the justice that the securities company claimed this debt. Appellant contends that that oral testimony of what occurred before the justice was incompetent. We find it unnecessary to determine that question. If the transcript is the only evidence of what there occurred, then the garnishee did not reveal the fact, known to it, that the debt was claimed by another party who was not before the court, and the defendant here has no defense to this suit. We will however assume that that evidence was competent. It then

became the duty of the justice to cause the securities company to be notified of the pendency of that suit before proceeding further. No such notice was given and the securities company had no knowledge of that proceeding. It is claimed by the defendant here that, when it made that disclosure, it had performed its full duty, and is released from this claim by that judgment and payment thereof. *Hamburg-Bremen Fire Ins. Co. v. Kennedy*, 57 Ill. App. 136, and *Chott v. Tivoli Amusement Co.*, 82 Ill. App. 244, are relied upon in support of that position. In those cases the garnishee disclosed the names of other claimants, and they were not notified but the court proceeded to judgment against the garnishee, and he appealed, and it was held that as between the attaching creditor and the garnishee, the latter had performed his duty when he disclosed the name of another claimant, and that the attaching creditor should have caused a notice to be given to the claimant, and that it was error for the justice to proceed until the claimant had been notified and had an opportunity to appear, and that the justice could not properly proceed further until such notice was given. Under those cases, if the garnishee, Rock Falls Manufacturing Company, had appealed, it would have secured a reversal of that judgment against it, and an order notifying the securities company to present its claim and that claim would then have been litigated if the securities company appeared, and in any event the garnishee would have been protected. The case is no different from what it would be if a defendant is sued by one of two persons whom he knows claim the fund. Undoubtedly he must either notify the other claimant to appear and protect his rights, or he must file a bill of interpleader. If he permits one of two claimants to proceed to judgment against him and pays the judgment, that can furnish him no defense against a suit by the other claimant, and, if it turns out that the other claimant is the one

whom he legally owes, he is liable to be compelled to pay the debt the second time, because he did not protect himself in the first suit.

It is argued that the Falls City Lumber Company obtained this car of lumber fraudulently and therefore could not sell it to the Rock Falls Lumber Company, and the latter would not owe the former therefor. In fact, the supposed corporation, Falls City Lumber Company, had never been organized, but C. H. Stotz was doing business under that name, but apparently intending to organize a corporation under that name. He did not reveal this fact to the Whaley-Warren Lumber Company when he ordered the lumber. Stotz had been doing business under this name for several years, and there is nothing to show that it was for the purpose of defrauding any one. There is no presumption that a corporation is more solvent than an individual. In the first letter of inquiry about such lumber, the Falls City Lumber Company said that it could pay for each car by draft as soon as loaded. Stotz became insolvent more than a month later, but this does not prove that he was insolvent when he wrote that letter, nor that he could not pay by draft if one had been drawn upon him when the car was loaded. The seller of the lumber did not obtain any financial statement of the buyer, and did not take the ordinary precaution of sending the bill of lading with a draft attached. The fact that the officers of the selling company were indignant when Stotz afterwards became insolvent does not prove that any condition existed which would authorize the seller to rescind the sale for fraud, and the seller did not attempt to rescind the sale. It is argued also that, because the Falls City Lumber Company was not a corporation, plaintiff here has no valid assignment of the account. That assignment is signed "Falls City Lumber Company, by Chas. H. Stotz," so that if a personal assignment was needed to the securities company, it was so given.

Stotz went into bankruptcy, and in the proceedings in the bankruptcy court certain accounts, including the one here sued upon, were held to be the property of the securities company.

As the case was tried below without a jury, and the amount due, if there was a right of action, was stipulated, we see no reason for remanding the case. The judgment is therefore reversed and the judgment will be entered here in favor of the appellant against the appellee for $166.63 and costs. Judgment reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment. We find that the Rock Falls Manufacturing Company is indebted to the German Investment & Securities Company in the sum of $166.63.