## SMITH v. SECURITY INV. CO. (No. 517.)

Court of Civil Appeals of Texas. Eastland.
April 12, 1929.

Smith & Smith, of Anson, for plaintiff in error.

Frank E. Smith, of Abilene, for defendant in error.

FUNDERBURK, J. W. J. Fulwiler, J. H. Beasley, and E. H. Lyon, doing business under the name of Security Investment Company, brought suit in the county court of Taylor county against J. T. Sanders to recover judgment for debt in the sum of $215. Upon affidavit therefor a writ of garnishment was issued to and served upon A. J. Smith, a resident of Jones county. Smith in due, course answered that he was indebted to Sanders, the defendant, in the sum of $208.-33, which amount had been collected from the Continental Casualty Company through an award made by the Industrial Accident Board of the State of Texas as compensation for an injury sustained by the said J. T. Sanders while employed and working for the Dallas Transportation Company. Without any other pleading by either the plaintiff or the garnishee, the court, on the 21st day of January, 1928, entered judgment against the garnishee for the sum of $208.33, with the provision that execution issue. From this judgment Smith, the garnishee, has prosecuted writ of error and has filed in this court a transcript. According to the record, J. T. Sanders, defendant, was not made a party to the garnishment suit, nor did the garnishee pray that he be made a party. Upon this state of the record plaintiff in error asks us to hold that the judgment of the trial court rendered on the answer of the garnishee, and which permitted the plaintiff to subject to his debt the fund exempt from garnishment by provision of R. S. 1925, art. 8306, § 3, is erroneous and should be reversed.

Defendants in error have, upon leave granted, filed a statement of facts, the purpose of which is to show that the court below heard evidence from which it was justified in concluding that the defendant Sanders had waived the exemption disclosed in the answer of the garnishee.

R. S. art. 4086, provides that if it appear from the answer of a garnishee that he is not indebted to the defendant, etc., the court shall enter judgment discharging him. By article 4088 it is provided that should it appear from the answer or "should it be otherwise made to appear and be found by the court" that the garnishee is indebted to the defendant, judgment shall be rendered for the amount acknowledged to be due, or for the full amount of the judgment, interests, and costs. Article 4094 provides that in case the plaintiff should not be satisfied with the answer of the garnishee, he may controvert the same by his affidavit, stating that he has good reason to believe, and does believe, that the answer of the garnishee is incorrect, stating in what particular he believes the same was incorrect. The same statute also provides that the defendant may, in like manner, controvert the answer of the garnishee. By article 4096 it is provided that where the garnishee (other than a foreign corporation) is a resident of another county, and his answer is contro-verted, the trial of the issues thus presented shall be had in the county of the garnishee's residence.

■ It is very clear that if the judgment in this case for justification is dependent upon the court having found as a fact that the indebtedness acknowledged by the garnishee was not compensation insurance, there was no pleading by which the court's jurisdiction was invoked to make an adjudication of that matter binding upon the garnishee or the defendant Sanders. Garnishee having answered as to the amount of the indebtedness and having stated the facts showing that it was exempt from garnishment, he was under no duty to take any further notice of the case, in the absence of due service of notice that his answer was controverted.

■ This brings us to the question presented here as to whether or not the court's jurisdiction was invoked so as to justify the judgment rendered on the ground that the defendant Sanders having the power to waive the exemption, in fact did so. As already stated, Sanders was not a party to the garnishment proceeding. The judgment under attack does not recite any appearance by him. Not only was there no controverting plea to the answer of the garnishee, but there was no plea of any kind designed to avoid the legal effect of the allegations as to the exemption such as showing a waiver of the exemption. It is well settled as a general rule that one relying on proof of waiver of an alleged or admitted right must allege and prove it. Hollifield v. Landrum, 31 Tex. Civ. App. 187, 71 S. W. 979; Marti v. Wooten (Tex. Civ. App.) 217 S. W. 447; American National Life Ins. Co. v. Rowell (Tex. Civ. App.) 175 S. W. 170; East Texas Fire Insurance Co. v. Brown, 82 Tex. 631, 18 S. W. 713; St. Paul Fire & Marine Ins. Co. v. Hodge, 30 Tex. Civ. App. 257, 70 S. W. 574, 71 S. W. 386; Alling v. Vander Stucken (Tex. Civ. App.) 194 S. W. 443; Moseley v. Bradford (Tex. Civ. App.) 190 S. W. 824; Murchison v. Mansur-Tibbetts Implement Co. (Tex. Civ. App.) 37 S. W. 605; Moody & Co. v. Rowland, 100 Tex. 363, 99 S. W. 1112; Middleton v. Moore (Tex. Civ. App.) 289 S. W. 1045; Shelton v. Lemmon (Tex. Civ. App.) 268 S. W. 177; Swift v. Roach (Tex. Civ. App.) 266 S. W. 846.

■ It is unnecessary for us to determine whether this rule is applicable here, in the absence of any showing that either the garnishee or Sanders was present or had any notice that the court was hearing evidence to determine whether the exemption set up had been waived. We think clearly the court was not authorized upon the record presented here to make a binding adjudication of that fact so far as either garnishee or Sanders may be concerned. American Surety Co. v. Bernstein, 101 Tex. 189, 105 S. W. 990; Reed v. First State Bank (Tex. Civ. App.) 211 S. W. 333.

Considering the evidence disclosed by the statement of facts, it fails to support the judgment. Aside from the fact that there was no pleading of a waiver, there was no party before the court to be bound by a finding of the existence of the waiver. The garnishee was not bound, because he was not notified of the raising of such issue. Sanders was not bound, because he was not a party to the suit. In the absence of parties and pleadings, the most that the evidence could show, material to any question presented for our consideration, would be the want of any authority or justification on the part of the garnishee alone to prosecute this appeal. For the last-named purpose we have permitted the filing of the statement of facts. The statement of facts does not show whether or not Sanders was present at the trial. The evidence consists of purported correspondence, including letters of Sanders to garnishee and defendants in error, as well as letters from the garnishee to Sanders and defendants in error. The genuineness of the letters is in no way proved. In any suit that may subsequently arise between Sanders and garnishee, the letters would be open to contradiction or explanation, and in our judgment are not conclusive of the want of any right in the garnishee to prosecute the appeal, if any such right he otherwise would have.

The question of such right, however, is not free from difficulty, particularly in the absence of any affirmative showing in the record that it was necessary for him to appeal in order to obtain immunity against the possibility of a double recovery against him for the same debt. Although not within the express terms of the garnishment statute, it has been held that it is the duty of a garnishee in his answer to disclose a known exemption. Missouri Pac. Ry. Co. v. Whipsker, 77 Tex. 14, 13 S. W. 639, 8 L. R. A. 321, 19 Am. St. Rep. 734; Russell v. Hamilton (Tex. Civ. App.) 174 S. W. 705.

█ Having made the disclosure, it would have been in accord with good practice for the garnishee to have interpleaded the defendant Sanders. Missouri Pac. Ry. Co. v. Whipsker, supra. This the garnishee did not do, but can we say that the garnishee did not have a right to assume, under the facts disclosed, that the court would not render a judgment having the effect to deprive the fund of a lawful exemption, at least in the absence of further notice to him? We are not prepared to say that when knowledge came to the garnishee of the judgment in this case that he would not have the right to protect himself against the possibility of a double recovery by suing out the writ of error. Under the authority of American Surety Company v. Bernstein, supra, the facts of the situation may have justified his maintaining an independent suit to set the judgment aside. Under the facts in the Bernstein Case, appeal would have been unavailing, but here full relief can be granted by appeal. We do not mean to be understood as holding that, as a general rule, it is necessary for a garnishee to prosecute an appeal from an adverse judgment where in his answer an exemption is set up in favor of the judgment debtor. Any such burden could have been discharged by interpleading the judgment debtor. It has also been held that it would have been discharged by notifying the judgment debtor of the facts and acquainting him with the necessity of defending the exemption. Russell v. Hamilton, supra.

But, if Sanders had no notice of the judgment depriving him of the exemption and in no way waived the exemption, we are not at all prepared to say that the garnishee, having omitted to implead Sanders, was not under necessity to get relief from the judgment by any available remedy, including prosecution of the writ of error here.

Authority is not wanting in support of the proposition that the duty of a garnishee to disclose in his answer facts within his knowledge, to show that the acknowledged debt is not subject to plaintiff's claim, may, in case of a disregard of such facts by the court, impose the further duty of taking an appeal. Burke v. Hance, 76 Tex. 76, 13 S. W. 163, 18 Am. St. Rep. 28; Hardy v. Hunt, 11 Cal. 343, 70 Am. Dec. 787; German Inv. & Securities Co. v. Rock Falls Mfg. Co., 193 Ill. App. 229; Weil v. Tyler, 38 Mo. 558, 90 Am. Dec. 441; Commercial State Bank v. Rowley, 2 Neb. (Unof.) 645, 89 N. W. 765; Head v. Cole, 53 Ark. 523, 14 S. W. 898; Brittain v. Anderson, 8 Baxt. (Tenn.) 316.

██ On the submission of this case counsel for defendants in error appeared, and in oral argument stated, probably as a conclusion from the evidence heard by the court and embodied in the statement of facts, that Sanders had directed the payment of the judgment by the garnishee and did not desire the judgment to be disturbed. While we feel constrained, upon the record as presented, to reverse the judgment of the trial court, we will add, however, that the only right that garnishee had to prosecute this appeal was to secure immunity from a further claim against him by Sanders. He can have no legal interest in the question as to whether the debt he acknowledged to be due shall be paid to the plaintiff or defendant. City of Sherman v. Shobe, 94 Tex. 129, 58 S. W. 949, 86 Am. St. Rep. 825. If, before the writ of error was sued out, Sanders knew of the judgment and signified his acquiescence thereto, then it was not necessary for the protection of the garnishee that the writ of error be prosecuted by him, and the judgment debtor should not be chargeable with the costs of appeal or any interest on the judgment after the time his acquiescence was indicated. Berry v. Davis, 77 Tex. 191, 13 S. W. 978, 19 Am. St. Rep. 748.

Since it is only on the theory that the garnishee is the representative of the judgment

defendant that we sustain his right to maintain this appeal, we recognize the right of the defendant Sanders to waive any error of the trial court, and if he in fact did so, as claimed, upon timely motion, setting up the necessary facts and properly supported, we will be glad to give reconsideration to our disposition of the case.

The judgment of the trial court is reversed, and the cause remanded.