**WILLIAMS et al. v. CORPUS CHRISTI BANK & TRUST CO. et al.**

No. 9982.

Court of Civil Appeals of Texas. San Antonio.

March 24, 1937.

Rehearing Denied April 28, 1937.

Sidney P. Chandler, of Corpus Christi, for appellants.

Johns, McCampbell & Snyder, of Corpus Christi, for appellees.

MURRAY, Justice.

Appellee Corpus Christi Bank & Trust Company and others instituted this suit in the district court of Nueces county against Mrs. R. J. Williams and others, seeking judgment on a certain deed of trust note in the principal sum of $18,000, and for a foreclosure of an alleged deed of trust lien on certain real estate located in or near the town of Ingleside, San Patricio county.

The trial was to a jury, but upon the close of all the evidence the trial judge granted the motion of appellees for a peremptory instruction to the jury, and accordingly the jury were instructed to find for the appellee. Judgment was rendered for the full amount due on the note and for a foreclosure on the land described in appellee's petition. From this judgment Mrs. R. J. Williams and the other defendants below, who are the heirs of her husband, R. J. Williams, deceased, have prosecuted this appeal.

The facts are: Mr. and Mrs. R. J. Williams were the owners of a tract of land near the then small town of Ingleside, consisting of 160 acres, on which they lived. They used and occupied this land as their homestead. On or about December 12, 1928, they executed a warranty deed whereby they conveyed a large portion of their homestead tract to the Ingleside Townsite Company, a partnership composed of Frank Savage and P. L. Telford, for the consideration of $1 and four vendor's lien notes, each in the principal sum of $10,000, payable to R. J. Williams. The deed was acknowledged, in due form, by both Mr. and Mrs. R. J. Williams and delivered to the purchasers. The vendor's lien notes were duly

executed and delivered to R. J. Williams; however, the purchasers did not take immediate possession of the premises, but permitted the Williams to continue in possession of the premises, and to continue to use the same as they had for many years prior thereto.

Afterward the Corpus Christi Trust Company (now the Corpus Christi Bank & Trust Company) made the Townsite Company a loan of $18,000, secured by a lien against the Williams tract of land to be used in improving this tract, and in preparing it so that it might be sold out as city lots.

After this R. J. Williams, acting by himself and without the joinder of his wife, executed an agreement whereby he subordinated the vendor's lien securing the four $10,000 notes to the lien securing the $18,000 note. There were also other agreements executed by Williams not necessary to be set out in detail.

Mrs. Williams knew nothing about these subordination agreements until she received a letter from the attorneys for Corpus Christi Bank & Trust Company, dated March 30, 1933, stating, in substance, that the bank held a first lien against the unsold portions of the land originally conveyed by Mr. and Mrs. Williams to the Ingleside Townsite Company and that it was contemplating foreclosure proceedings. Mr. R. J. Williams had died some time prior to the receipt of this letter.

The record affirmatively shows that the conveyance by the Williams to the Ingleside Townsite Company was not a simulated transaction in order to borrow money on their homestead, but was intended as a real conveyance of a part of their homestead to the Townsite Company, to enable the Townsite Company to divide it into city lots and sell the lots to people who were moving to Ingleside as a result of a large oil refinery having been established there.

After the Williams had conveyed this tract to the Townsite Company, it ceased to be their homestead, and the fact that the entire consideration was evidenced by vendor's lien notes, or the fact that they continued to use the land at the sufferance of the grantees, did not change the situation.

The deed having been delivered and the notes received, payable to the husband, R. J. Williams, the notes became community property and the husband could make such disposition of them as he saw fit, without the joinder of the wife. Spear, Law of Marital Rights in Texas, pp. 494, 495; Alvord National Bank v. Ferguson, 59 Tex. Civ.App. 113, 126 S.W. 622; Russell v. Hamilton (Tex.Civ.App.) 174 S.W. 705.

This case is entirely different from Scoggin v. Mason, 46 Tex.Civ.App. 480, 103 S. W. 831, where the husband delivered the deed for a less consideration than stated in the deed which had been executed by the wife. In the case at bar the husband actually received the consideration stated in the deed signed and duly acknowledged by the wife. The fact that he afterward subordinated such notes to a deed of trust lien securing a note in the sum of $18,000 did not constitute a fraud upon the wife.

The facts in this case are, in all material respects undisputed and presented a question of law to be decided by the trial court.

We are of the opinion that the trial judge properly directed a verdict for appellee, and accordingly the judgment will be in all things affirmed.