## LYFORD REALTY CO. et al. v. CLARK.
### No. 10937.

Court of Civil Appeals of Texas.
San Antonio.

July 16, 1941.

Crane & Glarner, of Raymondville, for appellants.

Kent & Brown, of Harlingen, for appellee.

NORVELL, Justice.

This is an action brought by appellee, Mrs. Frank E. Clark, survivor in community of the estate of her deceased husband and herself, upon a promissory note payable to the order of Frank E. Clark, in the principal sum of $1,000, executed by the appellant Lyford Realty Company and endorsed by appellant C. E. Craig. Craig pleaded that he had been a partner of Clark's and prayed for an accounting of the affairs of said partnership, a settlement of its accounts, and that he be given judgment for such sum of money as might be shown to be due to him upon a balance struck between the parties.

Mrs. Clark denied under oath the existence of the alleged partnership and specially pleaded the two and four year statutes of limitations as defenses to Craig's cross-action. Articles 5526, 5527 and 5529, Vernon's Ann.Civ.Stats.

Trial was to the court without a jury and judgment rendered for Mrs. Clark upon the note. Craig was denied a recovery upon his cross-action.

No findings of fact nor conclusions of law were requested, and we therefore

presume that the trial court found all facts in favor of the judgment which have support in the evidence.

■ Practically all of the testimony relied upon to support the allegations of a partnership existing between Craig and Clark was given by Craig. Clark being deceased, this testimony in most of its particulars could not be readily contradicted, even if untrue. Under these circumstances the issue of Craig's creditability was one for the determination of the trier of facts, in this case, the trial court. Thraves v. Hooser, Tex.Com.App., 44 S.W.2d 916, 921, and authorities therein cited.

■ A finding (here presumed) that appellant Craig failed to meet the burden of proving that a partnership existed between him and Clark, has support in the evidence. Also having support in the evidence, is a presumed finding that the liability, if any, resting upon Clark to pay certain money to Craig, accrued more than two years prior to the assertion of this alleged liability by legal action, and consequently (as a matter of law) was barred by the two years statute. Art. 5526.

■ We also hold that the appellee, in her capacity as survivor in community, was entitled to recover upon the note payable to her deceased husband. Walker v. Abercrombie, 61 Tex. 69; Western Union Telegraph Co. v. Kerr, 4 Tex.Civ.App. 280, 23 S.W. 564.

The judgment appealed from is affirmed.