## WILLIAMS et ux. v. WOODS et ux.
### No. 2729.

Court of Civil Appeals of Texas. Waco.

July 17, 1947.

Rehearing Denied Sept. 11, 1947.

A. S. Baskett, of Dallas, for appellants.

Burt Barr and Earl R. Parker, both of Dallas, for appellees.

HALE, Justice.

Appellees sued appellants for the title and possession of a certain house and lot. The case was tried before a jury. Upon the conclusion of the testimony all parties seasonably presented their respective motions for a peremptory instruction, the motion of appellees being for both title and possession and that of appellants being for possession only. The court granted the motion of appellees, overruled the motion of appellants and rendered judgment accordingly.

The undisputed evidence shows that appellants conveyed the property in controversy to appellees by warranty deed dated June 8, 1932. At the same time appellees agreed, by a separate instrument in writing, that appellants might use and occupy the premises during the remainder of their natural lives. Appellants did occupy the premises without the payment of any rental until January 23, 1941. On the latter date appellants executed and delivered to appellees a so-called quitclaim deed covering the property in controversy and by a separate affidavit of even date therewith they stated under oath that such property belonged exclusively to appellees and that they claimed no further right, title or interest therein. Thereafter, appellants continued to occupy the premises but paid to appellees the sum of $10 per month as rentals.

Appellants say the court below erred in overruling their motion for a directed verdict and in granting the motion of appellees. They contend that a quitclaim deed pertains only to the title to property and conveys no more title than the grantors have at the time of its execution;

that they, being only life tenants in possession, had no title to the property in controversy on January 23, 1941, and hence their quitclaim deed to appellees conveyed nothing and was a nullity; and that there is no conflict between their life tenancy and the terms of the quitclaim deed. Consequently, they assert that the quitclaim deed did not terminate or abrogate their rights as life tenants. We cannot agree with the contentions thus urged.

By the plain and unambiguous terms of the deed dated January 23, 1941, appellants did expressly "bargain, sell, release and forever quitclaim" unto appellees, their heirs and assigns, "all our right, title and interest in and to" the property in controversy, "to have and to hold the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging unto (appellees), their heirs and assigns, forever, so that neither we (appellants), nor our heirs, nor any person or persons claiming under us shall, at any time hereafter, have, claim or demand any right or title to the aforesaid premises or appurtenances, or any part thereof." There was no pleading or evidence showing or tending to show that the execution and delivery of such deed was the result of duress, fraud, accident or mistake, or that either of the appellants was incompetent to execute the same, or that the intended purpose thereof was other than that indicated on the face of the instrument and recited in the accompanying affidavit.

Although a quitclaim deed in the usual form does not purport to convey land in fee simple as distinguished from the grantor's title thereto, if any, it does ordinarily transfer to the grantee all right and interest, as well as all title, which the grantor may have in and to the premises therein described. Tex.Jur. Vol. 14, p. 763, Sec. 13, pp. 889, 890, Sec. 113, p. 930, Sec. 151, and authorities. Obviously, the purpose of the instrument here involved, whether it be regarded as a deed of conveyance or merely as a quitclaim deed, was in part to release and terminate the right of appellants to use the property during the remainder of their natural lives and

under the record before us we think appellants are conclusively bound thereby for that purpose. May v. San Antonio & A. P. Town Site Co., 83 Tex. 502, 18 S.W. 959; Morris v. Eddins, 18 Tex.Civ.App. 38, 44 S.W. 203, error dismissed; Benton Land Co. v. Jopling, Tex.Com.App., 300 S.W. 28; Leal v. Leal, Tex.Civ.App., 4 S. W.2d 985, error refused; Evans v. Graves, Tex.Civ.App., 166 S.W.2d 955, error refused.

Finding no reversible error, the judgment of the court below is affirmed.