**BALL et al. v. YOWELL et al.**

No. 6446.

Court of Civil Appeals of Texas. Texarkana.

June 9, 1949.

Rehearing Denied June 30, 1949.

Lewis & Chandler, Jacksonville, for appellant.

Guinn & Guinn, Rusk, for appellee.

HALL, Chief Justice.

This action was instituted by appellees Emma B. Yowell and husband, Carl Yowell, against Tom Ball and wife, Clara Ball, and Jack Browning to validate an oil and gas lease executed by Ball and wife in favor of B. B. Perkins, dated October 7, 1944, covering 101 acres of land, and which lease had been assigned to appellees by Perkins on September 30, 1947. The suit also had for its purpose the cancellation of an oil and gas lease executed by Ball and wife to Jack Browing, dated October 4, 1946, covering the same land. Appellants answered in effect that the oil and gas lease from Ball and wife to Perkins held by appellees under an assignment from Perkins was of no force and effect for failure to pay delay rentals provided therein; that this condition existed at the time and long before appellant Jack Browning purchased his lease from Ball and wife, and that his lease was in full force and effect.

The trial was to the court without a jury and resulted in judgment for appellees, validating their oil and gas lease assigned to them by Perkins, quieting their title thereto and cancelling the oil and gas lease from Ball and wife to Browning.

No findings of fact and conclusions of law were filed by the trial court and no request therefor was made by appellants. It becomes our duty, therefore, to affirm the judgment if the record reflects sufficient testimony to support it upon any theory of the case. Pennington v. Fleming, Tex.Civ.App., 212 S.W. 303. Stated another way, this court must presume that the trial court found all facts in favor of the judgment which had support in the evidence. Lyford Realty Co. v. Clark, Tex. Civ.App., 154 S.W.2d 277, writ refused, want of merit. See also Hill v. Connors, Tex.Civ.App., 219 S.W.2d 587, and authorities there cited; McCasland v. Henwood, Tex.Civ.App., 213 S.W.2d 555.

By their first point appellants assert that the trial court erred in holding appellees' oil and gas lease valid and that of appellants void, for the reason that about one year prior to the assignment of the Perkins lease to appellees, Perkins by quitclaim deed released to Ball and wife all interest he had in the 101 acres covered by the lease. It is appellees' contention, and there is evidence to support it, that the oil and gas lease given to Perkins by Ball and wife represented a part of the consideration for the land covered by it, which, shortly before the date of the lease, had been conveyed to Ball and wife by appellees; that the oil and gas lease they executed and delivered to Perkins in fact belonged to appellees and was held by Perkins for their benefit. The sale of the 101 acre tract of land was made to Ball and wife by H. H. Berryman and his daughter Emma B. Yowell and husband, Carl Yowell. Berryman is now deceased and his interest is held by Mrs. Yowell. The facts also show that at the time of the sale of the land by Berryman and Mrs. Yowell to Ball and wife, B. B. Perkins, an attorney at Rusk, Texas, held a deed of trust on the Berryman land. Appellant Browning testified that before he purchased his oil and

gas lease from Ball and wife he made inquiry of them as to whether the first delay annual rental had been paid and was informed by them that it had not; that he next inquired at the bank in Rusk, the depository named in the lease from Ball and wife to Perkins, and was informed that the first year's rental had not been paid to the bank. Browning was advised by his attorney to secure a quitclaim deed from Perkins to Ball and wife, releasing to them his interest in the land. Perkins did execute such a deed to Ball and wife releasing all interest, right and title to the property conveyed by the oil and gas lease. This was about a year before the assignment of the oil and gas lease from Perkins to Mrs. Yowell. In the quitclaim deed is this provision, following the description of the land: "Said W. J. Cook and wife having heretofore conveyed to H. H. Berryman 50½ acres of the above land, and Nora Cook, surviving wife of W. J. Cook, deceased, conveyed to Emma B. Yowell the remainder of the 101 acres of land, *and the title to said entire 101 acres being now vested in Emma B. Yowell and H. H. Berryman,*" (Italics ours.) A deed of this character passes only the title the grantor had at the time it was executed. Meacham v. Halley, 5 Cir., 103 F.2d 967, certiorari denied by Sup.Ct., 308 U.S. 572, 60 S.Ct. 86, 84 L.Ed. 480; Williams v. Woods, Tex. Civ.App., 204 S.W.2d 203. It is held in Threadgill v. Bickerstaff, 87 Tex. 520, 29 S. W. 757; Winningham v. Dyo, Tex.Com. App., 48 S.W.2d 600, and Williams v. Rabb, Tex.Civ.App., 161 S.W.2d 121, writ refused, that a quitclaim deed will not sustain the defense of an innocent purchaser. But aside from such holding the quitclaim deed here contained the express statement that the title to the land it described was vested in Emma B. Yowell and H. H. Berryman. Browning saw this deed and knew the expression contained therein with respect to the title to the land being in Emma B. Yowell and H. H. Berryman. This expression, in our opinion, was sufficient to excite inquiry on the part of appellants, especially appellant Browning, which inquiry, if pursued, would have revealed the fact that appellees were claiming the oil and gas lease on the land in controversy, held in

the name of Perkins for their benefit. It is undisputed in this record that Browning made no such inquiry of appellees with reference to the character of their claim to the land before he purchased the lease from Ball and wife. Under such circumstances Browning cannot be held to be an innocent purchaser of the lease from Ball and wife. Hawley v. Bullock, 29 Tex. 216, 217; Waggoner v. Dodson, 96 Tex. 415, 73 S.W. 517; Guevara v. Guevara, Tex.Com.App., 280 S. W. 736; San Antonio & A. P. R. Co. v. Sehorn, Tex.Civ.App., 127 S.W. 246; Myers v. Crenshaw, Tex.Civ.App., 116 S.W.2d 1125, affirmed by Sup.Ct., 134 Tex. 500, 137 S.W.2d 7.

By point five appellants contend that the trial court erred in holding the Perkins oil and gas lease valid for the reason that the land covered by the lease was the homestead of Ball and wife, and that Ball "was not authorized to waive payment of delay rentals or to contract to accept payment of delay rentals due under said lease in a different form than provided in said lease and from a third party claimant of said lease against the will and consent of Clara Ball," the wife. The facts show that sometime in the spring of 1945 Berryman leased to Ball a pasture for the year 1945, for a consideration of $150. Ball used the pasture until about July when he informed Berryman that he could use it no longer on account of its being next to Mr. Boyd's place, and he, Ball, did not want to have any trouble with Mr. Boyd. It seemed that their cattle were mixing. It is appellees' contention that Berryman and Ball settled the rent contract by applying the $101 delay rental due to Ball by Berryman on January 1, 1946, in cancellation of the $150 pasture rent due by Ball to Berryman. Ball denied this contention and states that the pasture contract was settled by him by paying to Berryman the sum of $25. The contention is made by appellants that the evidence of appellees tending to establish the settlement of the pasture contract, as contended for by appellee, was hearsay and improperly admitted over their objection. This is undoubtedly true with respect to Carl Yowell's testimony as to what Berryman told him about the settlement with Ball. However, the record reflects that Yowell was later recalled by appellants for further cross-examination and the same testimony which had been objected to by appellants on direct examination was elicited from the witness by appellants' counsel. This corrected any alleged error in admitting this testimony. Trinity & B. V. Ry. Co. v. Johnson, 62 Tex.Civ.App. 605, 131 S.W. 1137, and cases there cited. However, we have concluded that there is sufficient admissible testimony in the record to establish that the first delay rental due under Perkins' oil and gas lease was paid by offsetting it against the pasture rent owing by Ball. It is undisputed that Ball and wife have been paid the second and third delay rentals under the Perkins lease. In a trial before the court without a jury the judgment will not be disturbed if there is sufficient admissible testimony in the record to sustain it. Rodriguez v. Hayes, 76 Tex. 225, 13 S.W. 296.

We shall next consider whether Tom Ball had the authority to enter into an agreement with Berryman respecting the offset of the pasture rent due by Ball against the first delay rental of the oil and gas lease. It is undisputed that the 101 acre tract of land covered by the oil and gas leases is the homestead of Ball and wife. It is also undisputed that the wife did not consent to the agreement offsetting the pasture rent against the first delay rental—she knew nothing about it until the trial below. It is now a well settled rule of law that, absent fraud on the part of the husband and the third party, "The husband has the right to collect, receive, and dispose of the proceeds of the homestead, whether the proceeds arise from a lease of the homestead or from damages or insurance paid on account of destruction or injury to the homestead. This right rests on the ground that the proceeds of a sale or lease of the homestead are mere personal property, both before and after they are received by the husband." Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 164 S.W.2d 488, 492. In the same case syndicate certificates were substituted for the cash delay rental provided in the lease. Williams v. Corpus Christi Bank & Trust Co., Tex.Civ.App., 104 S.W. 2d 56, writ refused. See also Gulf Pro-

duction Co. v. Continental Oil Co., Tex. Civ.App., 61 S.W.2d 185 by this court. A different question would be presented had the wife alleged and proved fraud on the part of her husband and Berryman affecting her homestead rights in consummating the above agreement.

We have examined the other points advanced by appellants, they are without merit and are overruled.

The judgment of the trial court is affirmed.