## LOMBARDO v. GRAPETTE BOTTLING CO., Inc.

### No. 10089.

Court of Civil Appeals of Texas. Austin.

Nov. 12, 1952.

Rehearing Denied Dec. 3, 1952.

Piranio & Piranio, by Angelo Piranio, Dallas, for appellant.

Bonney, Paxton & Wade, by Mart M. Wade, Dallas, for appellee.

ARCHER, Chief Justice.

This is a suit by appellant, The Grapette Company, Inc., for debt for merchandise purchased by The Grapette Company of Beaumont, Texas, and in said suit it is alleged that the defendant, Anthony Lombardo, Sr., was the owner, or the partner of Clyde Cale, as owners of the business, The Grapette Company of Beaumont, Texas. The defendants both answered under oath denying as to the debt alleged and as to ownership or partnership. The court rendered a judgment against the defendant Anthony Lombardo, Sr., in the sum of $1,536.97 plus six per cent interest from January 1, 1950, until paid.

The appeal is before this Court on three points assigned as error.

### First Point

The court erred in rendering judgment against appellant because there is no proof to show that appellant is the owner of the business, and there is no proof that appellant is indebted to appellee.

### Second Point

The court erred in rendering judgment against appellant because the evidence is insufficient to show appellant to be the owner of the business claimed to be indebted to appellee, it being undisputed that the appellant acted only as agent.

### Third Point.

The court erred in rendering judgment because the appellee failed to discharge the burden resting upon it to prove up its claim and each item of the account and that the indebtedness was the debt of the appellant.

The testimony by Clyde Cale, a defendant in the case, was that he was acquainted with Anthony Lombardo, codefendant, and was employed in June, 1949, by Mr. Lombardo as Manager of the Grapette Bottling Company at Beaumont, Texas, and worked for him for four months on a salary and expense basis. Further testimony was given as to the nature of the business and the number of employees, and that as Manager he purchased supplies from Grapette Bottling Company's home office, and identified a check for $420.00, dated September 28, 1949, payable to the Grapette Company, Inc., which was not paid because of insufficient funds, and testified that he signed the check and others as Manager which

Mr. Lombardo had arranged for him to do, and that he bought concentrates used in the manufacturing of grapette only under Mr. Lombardo's instructions. Mr. Cale further testified that someone from the State Employment Bureau came out and asked if he was the owner and Cale replied "You had better see Mr. Lombardo" and Mr. Lombardo said "I own this business, and I will sign it, the employment report, or whatever it is."

Cale further testified of shipments from Grapette Bottling Company in Arkansas, and as to other supplies out of Houston.

C. R. Crutchfield, by deposition, testified that he was in charge of all books and records of the Grapette Company, Inc., which were kept under his supervision and identified an exhibit showing an indebtedness in favor of the company against Grapette Bottling Company, Beaumont, in the amount of $1,536.97, which was a true balance as to all charges and credit allowed.

Mr. Anthony Lombardo testified that Cale bought the trucks but no money changed hands, and stated that the business belonged to his sons, Anthony Lombardo, Jr., and Frank Lombardo; that he never was the owner of the Grapette Bottling Company; that the bottling for the plant was done at his company, The Texas State Bottling Company, at a fixed charge; that he guaranteed the premium on the compensation insurance.

In a letter from Maida Insurance Agency in Beaumont, Texas, to Mr. A. Lombardo, Sr., in which a statement is made that:

"Mr. A. Lombardo, Sr.,

"% Elite Barber & Beauty Supply,

"240 Crockett Street, B

"Beaumont, Texas.

"Dear Mr. Lombardo, Sr.,

"With reference to the enclosed endorsements changing name of assured to read A. Lombardo, Sr., please be advised that I didn't mean to seem too harsh or hard in my demands of payment for past due account in name of A. Lombardo, Jr., but my reasons were that I wrote this business to favor A. Lombardo, Jr., as he was mortgagee, I later understood that A. Lombardo, Jr. had entered the hospital in Galveston and in the mean time several changes had taken place in ownership and as a last resort I learned that the business was finally turned back to A. Lombardo, Jr. I was not aware of the fact that you were running the business for A. Lombardo, Jr. until my conversation with you last week, but thought that another transfer was in the making and I didn't feel that I could run the risk of carrying this account any further.

"It is now my understanding that you are acting in behalf of A. Lombardo, Jr. and I may look to you for payment of this account. I have followed your instructions and transferred all policies to read in your name so that in the event of a loss you will receive any benefits under the policy.

"Sincerely yours,

"Maida Insurance Agency

"s/ Peter W. Maida

"Peter W. Maida "

We believe that there is testimony in the record to support the court's judgment, and since no findings of fact and conclusions of law were filed by the trial court and no request therefor was made by defendants, we must affirm the judgment for plaintiff. The trial court heard the testimony of the witnesses and rejected that of the appellee, and we presume that the trial court found all facts which had support in the evidence in favor of the judgment. Rolison v. Puckett, 145 Tex. 366, 198 S.W.2d 74; Ball v. Yowell, Tex. Civ.App., 222 S.W.2d 277 (writ ref. n. r. e.); Wrather v. Humble Oil & Refining Co., 147 Tex. 144, 214 S.W.2d 112; Flint v. Knox, Tex.Civ.App., 173 S.W.2d 214 (Galveston, C.C.A. 1943, writ ref. w. o. m.; Pickens v. Harrison, Tex.Sup., 252 S.W.2d 575.

The judgment of the trial court is affirmed.

Affirmed.